Sandra LITTLEFIELD, Appellant,

v.

John W. HAYS, Appellee.

No. 9144.

Court of Civil Appeals of Texas, Amarillo.

Nov. 26, 1980.

Carroll Cobb, Lubbock, for appellant.

Key, Carr, Evans & Fouts, Frank E. Murchison, III, Lubbock, for appellee.

COUNTISS, Justice.

This appeal from a summary judgment in favor of the defendant doctor in a medical malpractice case presents one question: Is Art. 5.82, § 4, of the Insurance Code, the two year statute of limitations on tort claims against insured doctors, constitutional?[1] We conclude that it is and affirm the judgment of the trial court.

The undisputed facts set out in the parties' affidavits filed in support of and in response to appellee Dr. John W. Hays' motion for summary judgment are as follows. Appellant Sandra Littlefield was Dr. Hays' patient. She had previously undergone a hysterectomy but continued to have lower abdominal pain. On February 14, 1976, Dr. Hays performed surgery on her for the purpose of removing her ovaries and fallopian tubes. After surgery Dr. Hays told Ms. Littlefield he had performed a "full pelvic clean–out". She continued to suffer lower abdominal pain after the surgery but was assured by Dr. Hays that all reproductive organs had been removed. Ms. Littlefield then went to another doctor. A large ovarian tumor was discovered and surgically removed during the latter part of October, 1976.

Dr. Hays was, at all pertinent times, covered by a policy of professional liability insurance. His last medical treatment of Ms. Littlefield was on March 15, 1976.

Ms. Littlefield filed this medical malpractice suit on October 23, 1978. Thus, her suit was filed more than two years after her last treatment by Dr. Hays but less than two years after the ovarian tumor was diagnosed and removed. Dr. Hays' answer plead, among other things, the two year statute of limitations set out in Tex.Ins. Code Ann. art. 5.82 § 4 and the limitations plea was the basis of his motion for summary judgment. The trial court concluded that the statute was applicable to this case and granted Dr. Hays' motion. Ms. Littlefield's single point of error in this court challenges the constitutionality of the statute.

The statute in question reads as follows:

Sec. 4. Notwithstanding any other law, no claim against a person or hospital covered by a policy of professional liability insurance covering a person licensed to practice medicine or podiatry or certified to administer anesthesia in this state or a hospital licensed under the Texas Hospital Licensing Law, as amended (Article 4437f, Vernon's Texas Civil Statutes), whether for breach of express or implied contract or tort, for compensation for a medical treatment or hospitalization may be commenced unless the action is filed within two years of the breach or the tort complained of or from the date the medical treatment that is the subject of the claim or the hospitalization for which the claim is made is completed, except that minors under the age of six years shall have until their eighth birthday in which to file, or have filed on their behalf, such claim. Except as herein provided, this section applies to all persons regardless of minority or other legal disability.

1975 Tex.Gen.Laws, ch. 330, § 4, at 865.

■ As pertinent to this case, the foregoing statute differs from art. 5526(6) Tex.

---

1. Art. 5.82 was enacted by the 1975 Legislature and repealed by the 1977 Legislature. 1975 Tex.Gen.Laws, ch. 330, § 4, at 865. A similar statute enacted by the 1977 Legislature is set out in Art. 4590i, § 10.01. Tex.Rev.Civ.Stat. Ann. art. 4590i, § 10.01 (Vernon Supp.1980).

Section 10.02 of the same article provides that causes of action accruing between the effective date of Art. 5.82 (June 3, 1975) and the effective date of § 10.01 (Aug. 29, 1977) shall be filed pursuant to Art. 5.82. Tex.Rev.Civ.Stat. Ann. art. 4590i, § 10.02 (Vernon Supp.1980).

Rev.Civ.Stat.Ann. (Vernon 1958), the general two year statute of limitations previously applicable to this kind of case, in two significant respects. First, it applies only to persons or hospitals covered by a policy of professional liability insurance. Second, as to adult defendants, it has the practical effect of abolishing the "discovery rule," whereby the limitations period did not begin to run on certain limited types of medical malpractice claims until the patient discovered the negligence. *See, e. g., Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977).[2]

Ms. Littlefield's attack on the statute is two–fold. She contends that the statute violates the equal rights clause of the Texas Constitution (Art. 1, § 3) and the equal protection clause of the United States Constitution (14th Amendment) because it applies, as pertinent here, only to insured doctors and abolishes the discovery rule as to them but not as to uninsured doctors. She contends, likewise, that the statute violates the open courts provision of the Texas Constitution (Art. 1, § 13) because it abolishes the discovery rule. We will consider the arguments in the order stated.

■ When considering the constitutionality of an act of the Legislature, we begin by presuming that the act is valid and the Legislature has not acted unreasonably or arbitrarily. Certainly a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. "The wisdom or expediency of the law is the Legislature's prerogative, not ours." *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968). As stated in *Texas Nat. Guard Armory Board v. McCraw*, 132 Tex. 613, 126 S.W.2d 627, 634 (1939): "There is a strong presumption that a Legislature understands and correctly appreciates the needs of its own people, that its laws are directed to problems made manifest by experience, and that its discriminations are based upon adequate grounds."

■ An equal protection or equal rights challenge to a Texas statute evokes two standards of analysis. If the state action invades a fundamental right or involves a suspect classification, the strict scrutiny test is applied by the courts. In all other cases, the legislation is tested by the rational relation test. *Lubbock Poster Co. v. City of Lubbock*, 569 S.W.2d 935, 944 (Tex.Civ. App.–Amarillo 1978, writ ref'd n. r. e.).

Ms. Littlefield concedes that the statute in question does not invade a fundamental right or involve a suspect classification; thus the statute must be tested by the rational relation test, which is stated as follows in *Lubbock Poster Co. v. City of Lubbock, supra*, at 944:

> Under the rational relation test the classification is constitutionally permissible if it is reasonable, not arbitrary and rests "upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Reed v. Reed*, 404 U.S. 71, 76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225 (1971); *Texas Woman's University v. Chayklintaste*, 530 S.W.2d 927 (Tex.1975). When, as here, no suspect categories are involved, any rational basis may justify the classification. See *Johnson v. Robison*, 415 U.S. 361, 375 n.14, 94 S.Ct. 1160, 1169, 39 L.Ed.2d 389 (1974).

■ We are satisfied the statute in question meets the rational relation test. The first inquiry is whether the classification is reasonable. The purpose of Article 5.82 was to establish standards and procedures for setting insurance rates for a class of health care providers. 1975 Tex.Gen.Laws, ch. 330, introductory purpose statement, at 864. We find nothing unreasonable in the selection (i. e. classification) of the group of health care providers covered by the statute. Much has been written about their particular problems with insurance, *see, e. g.,* Redish, Legislative Response to the Medical Malpractice Insurance Crisis: Con-

---

2. The discovery rule is the legal principle that the statute of limitations barring prosecution of an action for medical malpractice runs, not from the date of the practitioner's wrongful act or omission, but from the date the nature of the injury was or should have been discovered by the plaintiff. *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977); *Hayes v. Hall*, 488 S.W.2d 412 (Tex.1972).

stitutional Implications, 55 Tex.L.Rev. 759 (1977) and it is certainly proper for the Legislature to focus on the group and establish standards and procedures for them that differ from the standards and procedures established for other insurers and insureds with different problems. Thus, we conclude that the classification is reasonable. *See Harrison v. Schrader*, 569 S.W.2d 822, 827 (Tenn.1978).

The second inquiry is whether the classification rests upon a ground of difference that has a fair and substantial relation to the object of the legislation so all persons similarly circumstanced are treated alike. To answer that inquiry, we again look at the purpose of the statute, which is to establish standards and procedures for setting insurance rates for health care providers. One of the fundamental considerations in any insurance rate setting process is the length of time during which the insurer may be exposed to liability. When the Legislature undertakes to set standards and procedures in this area it is well within its power to set an absolute time beyond which the insurer has no exposure. That time limit is directly related to the purpose of the legislation. Thus, we conclude that an absolute time limit on suits against insureds has a fair and substantial relation to the setting of insurance rate standards and procedures and treats alike all persons who have insurance or use insured entities. The statute is constitutional.

Ms. Littlefield is correct in stating that the statute under consideration abolishes the discovery rule as to insured doctors but not as to uninsured doctors. That distinction does not, however, render the statute invalid. The discovery rule is a court–created method of tolling statutes of limitation. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977). If the Legislature chooses to abolish it in a certain class of cases as a necessary incident of regulating insurance rates, it may do so. Indeed, many jurisdictions have refused to adopt the rule in any malpractice case. *See, e. g., Tantish v.*

*Szendey,* 158 Me. 228, 182 A.2d 660 (1962), and cases discussed therein. We also note that Ms. Littlefield's case does not appear to be the kind to which the discovery rule has been applied in this state. *See, e. g., Robinson v. Weaver, supra.*

Ms. Littlefield's second argument is that the abolition of the discovery rule is a violation of the open courts provisions of the Texas Constitution, art. 1 § 13. She has not, however, been denied a remedy in the courts. The Legislature has simply placed an outside limit on the period within which she may enter the courts, an action clearly within its power.[3] If her argument were accepted, we would be required to hold that the discovery rule is a right of Texas constitutional dimensions that cannot be abolished by the Legislature. This we are not willing to do, nor have other jurisdictions done so. *Harrison v. Schrader, supra,* at 827. The point of error is overruled.

The judgment of the trial court is affirmed.

---

**3.** We note also that Ms. Littlefield had "discovered" the alleged malpractice well before the     bar of limitations had arisen.