Bernard SAX, and wife, Frances Sax, Individually and as Next Friend of Lori Beth Sax, a Minor, Appellants,

v.

T. P. VOTTELER, Appellee.

No. 9004.

Court of Appeals of Texas, Texarkana.

May 18, 1982.

Rehearing Denied June 22, 1982.

John E. Collins, Irving, for appellants.

John H. Martin, Thompson & Knight, Dallas, for appellee.

CORNELIUS, Chief Justice.

At times pertinent to this decision the Texas Insurance Code provided a two year limitation for filing malpractice suits against physicians carrying medical liability insurance.[1] Unlike the general limitations statutes, this statute was not tolled during minority, except for the first six years of a claimant's life. Mr. and Mrs. Bernard Sax and their daughter Lori Beth, attack the constitutionality of this statute on the grounds that it violates the open courts provision of the Texas Constitution,[2] and denies them due process of law and equal protection of the law as guaranteed by the United States Constitution.[3]

When she was 11 years of age, Lori Beth was taken to Dr. Votteler for the removal of her diseased appendix. The suit alleges that Dr. Votteler failed to remove the appendix but through negligence removed the right fallopian tube instead. Approximately one month later Lori Beth was required to have another operation to remove her appendix. Dr. Votteler last examined Lori Beth on August 5, 1976. The suit against Dr. Votteler was not filed until February 20, 1979. The trial court granted a take nothing summary judgment on the ground that the suit was barred by the limitation statute.

We will address the Federal Constitutional questions first. We are not persuaded that the statute violates the due process guarantee. A State is free to prescribe periods of limitation within which claims must be asserted or be barred, and

---

1. Article 5.82

   .    .    .    .    .

"Sec. 4. Notwithstanding any other law, no claim against a person or hospital covered by a policy of professional liability insurance covering a person licensed to practice medicine or podiatry or certified to administer anesthesia in this state or a hospital licensed under the Texas Hospital Licensing Law, as amended (Article 4437f, Vernon's Texas Civil Statutes), whether for breach of express or implied contract or tort, for compensation for a medical treatment or hospitalization may be commenced unless the action is filed within two years of the breach or the tort complained of or from the date the medical treatment that is the subject of the claim or the hospitalization for which the claim is made is completed, except that minors under the age of six years shall have until their eighth birthday in which to file, or have filed on their behalf, such claim. Except as herein provided, this section applies to all persons regardless of minority or other legal disability."

2. Article I

   .    .    .    .    .

"Section 13. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

3. Amendment XIV:

"Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law."

Amendment V:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

such a limitation does not constitute a denial of due process unless the time provided is manifestly so short as to amount to the denial of a reasonable opportunity to enforce the claim. *Kentucky Union Company v. Kentucky*, 219 U.S. 140, 31 S.Ct. 171, 55 L.Ed. 137, (1910). See also cases involving impairment of contract challenges such as *Atchafalaya Land Co. v. Williams Cypress Co.*, 258 U.S. 190, 42 S.Ct. 284, 66 L.Ed. 559, (1921); *Wilson v. Iseminger*, 185 U.S. 55, 46 L.Ed. 804, 22 S.Ct. 573 (1901); *Terry v. Anderson*, 95 U.S. 628, 24 L.Ed. 365 (1877). We do not find the two year period provided by this statute to be unreasonably short. And the fact that the statute is not tolled, but operates to limit the claims of minors and others under legal disability, does not render it invalid as a denial of due process. *Vance v. Vance*, 108 U.S. 514, 2 S.Ct. 854, 27 L.Ed. 808 (1883); *Doyle v. Negrotto*, 49 So. 992, 124 La. 100 (1909).

■ It is also asserted that the statute violates the equal protection guarantee of the United States Constitution because it treats minor medical malpractice claimants differently from minor claimants in other tort actions. The State is not required to treat all of its citizens alike in all respects. *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). It may impose special burdens or restrictions on a class of citizens with respect to ordinary rights if the disparate treatment is based upon a reasonable and not arbitrary classification of the citizens and bears a rational relation to a legitimate State interest. *Reed v. Reed*, supra; *Rinaldi v. Yeager*, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966). If the State action affects a fundamental constitutional right or is directed toward a suspect class it is subject to strict scrutiny by the courts, and to be valid must be necessary to the achievement of a compelling State interest.

*San Antonio School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Levy v. Louisiana*, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).[4] Both parties here agree that the constitutionality of the statute we have in question should be judged by the rational relationship test. In applying that test we begin with a presumption in favor of the statute and then proceed to decide if the classification drawn in it is reasonable in light of the purpose of the statute and is rationally related to the achievement of a legitimate State interest. *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *Rinaldi v. Yeager*, supra; Towler, *Does the Constitution Guarantee a Free Public Education to Undocumented Alien Children?* 33 Baylor L.Rev. 637 (1981). If any conceivable legitimate State interest can be considered served by the classification it must be upheld. *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

■ Article 5.82 was enacted to establish standards for setting liability insurance rates for physicians and other health care providers. See caption, Texas Insurance Code Ann. art. 5.82; *Littlefield v. Hays*, 609 S.W.2d 627 (Tex.Civ.App.—Amarillo 1980, no writ). In recodifying the essence of Article 5.82 as a part of Section 10.01 of the Texas Medical Liability and Insurance Improvement Act in 1977[5], the Texas Legislature expressly found that the number and amount of health care liability claims had increased inordinately, and had created a crisis threatening to adversely affect the availability of medical malpractice insurance and consequently the availability, quality and accountability of health care services to the public. Article 5.82 has been

---

**4.** Some contend that an intermediate test has been fashioned by the Supreme Court for use in some cases which is known as the means scrutiny test. See *Redish, Legislative Response to the Medical Malpractice Insurance Crisis*; Constitutional Implications, 55 Texas L.Rev. 5, (1977).

**5.** Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp.1981). Section 10.01 of that act is a modified version of the limitation statute. Section 10.02 provides that causes of action accruing between the effective date of the Act and the effective date of Article 5.82, Insurance Code, shall be filed pursuant to Section 4 of Article 5.82.

upheld by Texas courts against challenges to its constitutionality based upon the facts that it reduced the time within which a minor could bring suit, *Wallace v. Homan & Crimen, Inc.*, 584 S.W.2d 322 (Tex.Civ.App. —El Paso 1979, writ ref'd n. r. e.), and was made applicable only to insured health care providers and not to uninsured health care providers. *Littlefield v. Hays*, supra. In like manner and for similar reasons we conclude that the statute does not deny equal protection of the law to minor medical malpractice claimants in imposing upon their causes of action a limitation period shorter than that provided for other minor tort claimants. The purpose of the statute was to provide an insurance rate structure which would induce and enable health care providers to secure liability insurance to provide compensation for their patients who might have legitimate malpractice claims, thus avoiding a crisis peculiar to that field of torts. That is a legitimate State purpose which operates to the benefit of health care providers as well as medical malpractice claimants, both adult and minor, and so the classifications drawn by the statute are reasonable and not arbitrary.

The length of time during which insureds are exposed to potential liability has an important bearing upon the rates which insurers must charge. *Littlefield v. Hays*, supra. Limiting the time of such exposure therefore has a rational relation to the achievement of a legitimate State interest and to the status of the affected citizens, and is permissible State action despite the fact that other minor tort claimants are not similarly restricted.

■ The additional point urging that the statute violates the open courts provision of the Texas Constitution was not raised as a ground of defense to the motion for summary judgment and cannot be considered. Tex.R.Civ.P. 166–A; *Castleberry v. Goolsby Bldg. Corp.*, 608 S.W.2d 763 (Tex. Civ.App.—Corpus Christi 1980), *affirmed*, 617 S.W.2d 665 (Tex.1981). If considered it is without merit. The Legislature has not closed the courts to minor medical malpractice claimants. It has only provided a time within which they must assert their claims in the courts. *Littlefield v. Hays*, supra.

The judgment of the trial court is affirmed.