**Catherine BORDERLON, Appellant,**

v.

**Dr. Reigh PECK, Appellee.**

**No. 08–81–00282–CV.**

Court of Appeals of Texas, El Paso.

Nov. 24, 1982.

Rehearing Denied Dec. 22, 1982.

Harry Tom Petersen, El Paso, for appellant.

Charles R. Jones, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Did the legislature by the enactment of the Medical Liability and Insurance Improvement Act, Article 4590i, Section 10.01, Tex.Rev.Civ.Stat., abolish the doctrine of fraudulent concealment as a basis for extending the period of limitation in a health care liability suit? We conclude that it did, and we affirm the summary judgment entered in favor of the treating doctor.

Dr. Peck performed an operation on Mrs. Borderlon on January 17, 1979, during which a suture needle broke. The doctor decided to leave the broken piece in place rather than create more trauma trying to retrieve it. It was his medical opinion that the broken fragment would do no harm to the patient. He testified that he so informed Mrs. Borderlon. She testified that he did not advise her as to the broken needle. Dr. Peck's last treatment of the patient was on February 21, 1979.

On February 25, 1979, a small foreign linear object showed up on an x-ray and Mrs. Borderlon was admittedly informed about it. During subsequent surgery on March 2, 1979, the purpose of which was unrelated to retrieving the needle, the broken needle was discovered and removed. Suit was filed on February 27, 1981. The Doctor pled the two-year statute of limitations and the patient filed a supplementary petition alleging fraudulent concealment.

Generally, medical malpractice suits in Texas were for many years barred by the provisions of Article 5526, Tex.Rev.Civ. Stat., which provided a two-year limitation period. Perdue, The Law of Texas Medical Malpractice, 11 Hous.L.Rev. 825 at 827 (1974). As a means of avoiding harsh results in the application of the statute, Texas courts adopted the "discovery rule" so as to delay the beginning of the commencement of the limitations period, *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967); *Hays v. Hall,* 488 S.W.2d 412 (Tex.1972), with some limitations upon its application; *Robinson v. Weaver,* 550 S.W.2d 18 (Tex.1977).

Our courts have also adopted and applied the "fraudulent concealment" doctrine to estop a defendant in a malpractice case from using the statute of limitations as a defense until the plaintiff discovers, or in the exercise of ordinary care should have discovered, any fraud. This has usually resulted from a failure to disclose facts which would establish a cause of action. *Nichols v. Smith,* 507 S.W.2d 518 (Tex.1974). These two court-made rules, when applied, had the effect of permitting recovery on claims which would otherwise be barred by the limitation period set by the legislature.

In 1977, the legislature adopted the Medical Liability and Insurance Improvement Act. The limitation provision in Section 10.01 of Article 4590i reads:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

In *Littlefield v. Hays,* 609 S.W.2d 627 (Tex.Civ.App.—Amarillo 1980, no writ), the court construed a provision of the Insurance Code which had been adopted in 1975 and was similar to the present statute as set out in Section 10.01. The Amarillo court in that case held that the new limitation statute, which was applicable to medical malpractice claims, was constitutional and further that it abolished the court-made "discovery rule." In reaching that result, the court said:

When the Legislature undertakes to set standards and procedures in this area it is well within its power to set an absolute time beyond which the insurer has no exposure.

Although the *Littlefield* case holds the "discovery rule" has been abolished in medical malpractice cases, we have found no case passing on the viability of the "fraudulent concealment" doctrine under the new health care statute of limitations. Apparently the legislature faced that issue and decided against continuing the court-made exception to the strict application of the two-year statute.

Joseph P. Witherspoon in his article, "Constitutionality of the Texas Statute Limiting Liability for Medical Malpractice," 10 Tex.Tech L.Rev. 419 at 425 (1979), writes:

> [T]he Act clearly immunizes physicians from one form of intentional malpractice. The Texas Professional Medical Liability Study Commission stated that the Act's statute of limitations, which is a re-enactment of a 1975 statute, was designed by the legislature to eliminate all prior court developed exceptions to the limitation period. One eliminated exception is fraudulent concealment of the fact of medical malpractice by a physician. The Study Commission recommended that a patient be allowed to bring a suit "within one year from the date the claimant discovered or should have discovered the injury . . . ." However, the legislature rejected the Study Commission's recommendation and adopted an absolute statute of limitations for all forms of medical malpractice, including intentional malpractice by a physician for the fraudulent concealment of the fact of his malpractice.

Thus, it appears that the legislature, faced with what it found as a "medical malpractice insurance crisis in the State of Texas,"[1] chose to establish an absolute time within which suits had to be filed and adopted the "termination rule" so that all suits must be filed within two years of the date the medical or health care treatment is completed. This, of course, was somewhat of a compromise in that the statute does not begin to run on the date of the negligent conduct, which would be the usual application of the rule, but the beginning date for the start of the two-year limitation period is extended so long as the doctor continues to treat the patient. Nevertheless, an absolute date is established and the limitation period will start to run from the date the medical or health care treatment is completed. *Witherspoon, supra,* p. 421–422.

This suit was not filed within two years from the time Dr. Peck completed his treatment of Mrs. Borderlon, and the trial court correctly entered summary judgment based upon the plea of limitations. Point of Error No. One is overruled.

The judgment of the trial court is affirmed.

---

1. Section 1.02(a)(5), Article 4590i, Tex.Rev.Civ. Stat.