**OBERSTONE v. ARMENDARIZ et ux.** *
(No. 6790.)

(Court of Civil Appeals of Texas. San Antonio.  Oct. 18, 1922.  Rehearing
Denied Nov. 15, 1922.)

I. Death ⬅=11—Right of action statutory.

The right of action for wrongful death exists only by reason of statute.

2. Death ⬅=9—Judgment against natural person on cause of action accruing before curative act unauthorized.

Where the curative act (Laws 37th Leg. [1921], c. 109 [Vernon's Ann. Civ. St. Supp. 1922, arts. 4694–4694b]) amending the title to Act April 7, 1913, amending Rev. St. 1911, art. 4694, so as to permit recovery against a natural person for wrongful death, had not gone into effect at the time the cause of action accrued, there was no authority for a judgment for damages.

---

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted January 3, 1923.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Jose Armendariz and wife against Raymond Oberstone. Judgment for plaintiffs, and defendant appeals. Reversed, and judgment for defendant.

Heilbron & Matthews, C. L. McGill, and Seeligson & Seeligson, all of San Antonio, for appellant.

G. Woodson Morris and Guy Cater, both of San Antonio, for appellees.

SMITH, J. Appellees recovered judgment against appellant in a suit in which it was alleged that appellees' minor son was wrongfully killed in a collision between the latter's bicycle and a grocery truck operated by an employee of appellant. It was shown upon the trial that the accident occurred in the nighttime at the intersection of Avenue C and Eighth street, in the city of San Antonio. The jury found that both vehicles were being operated without lights, and that the accident and injuries to the boy were caused by the facts, specially found, that appellant's truck, while being operated without lights, at a rate of speed in excess of 10 miles an hour, "cut" the corner, and the driver failed to give any danger signals of its approach to the place of the accident. The jury further found that the deceased boy was negligent in having no light on his wheel, but that this negligence did not cause the accident. There was evidence to support each of these findings, and therefore none of them will be disturbed.

[1] Appellant, in his first and second assignments of error, assails the judgment upon the ground that at the time of the accident there was no valid statute in force in this state which rendered natural persons liable for wrongful death resulting from the negligence of the employees or agents of such persons. At common law no right of action existed to recover damages for injuries resulting in the death of the injured; such right of action exists now only by reason of statute laws enacted for that purpose. Bank v. Hanks, 104 Tex. 320, 137 S. W. 1120; Ann. Cas. 1914B, 368. In Texas this right of action was first created by the statute of February 2, 1860 (4 Gam. Laws, 1394), which was subsequently amended by the acts of March 25, 1887 (9 Gam. Laws, 842), of April 11, 1892 (10 Gam. Laws, 369), and of April 7, 1913 (16 Gam. Laws, 288), which latter act was in force at the time this accident occurred, on May 23, 1921. The title under which the act of 1913 was passed was:

"An act to amend article 4694 of the Revised Civil Statutes of 1911, giving cause of action where injuries resulting in death is caused by the negligence of a corporation, its agents or servants, and declaring an emergency."

[2] In Rogers v. Tobias, 225 S. W. 804, it was expressly held by the Court of Civil Appeals of the First District, that the act of 1913 could not be made to apply to actions for damages against natural persons, for wrongful death occasioned by the acts of the agents of such natural persons, for the reason that no such purpose in the statute was expressed in, or could be implied from, its title. By refusing a writ of error in that case, the Supreme Court made the decision therein the law in this state, and no good purpose could be served by this court in discussing the question decided. The Legislature, apparently acquiescing in the decision, promptly amended the act, and the title thereto, to conform to the opinion in that case (Gen. Laws, 37th Leg. Reg. Sess. p. 212 [Vernon's Ann. Civ. St. Supp. 1922, arts. 4694–4694b]); but this curative act had not gone into affect at the time appellees' cause of action occurred, and therefore there was no authority in law for the judgment rendered.

Other questions are raised in the appeal, but become immaterial in view of the foregoing.

The judgment of the court below will be reversed, and judgment here rendered for appellant.