# MAY, 1926

JOSE ARMENDARIZ AND WIFE V. RAYMOND OBERSTONE.

No. 3913.    Decided May 5, 1926.

(283 S. W., 479).

1.—Injuries Resulting in Death—Negligence of Agent—Constitutional Law.

Section 2 of the Act of April 7, 1913, Laws, 33d Leg. p. 288, prior to its amendment by Act of March, 1921, Laws, 37th Leg., p. 212, gave no right of action against a natural person for death caused by negligence of his agent,—its caption expressing no purpose except to give such action against a corporation for the agent's negligence. (Magnolia Petroleum Co. v. Hamilton, 115 Texas, 455, 283 S. W., 475.) (P. 448).

2.—Supreme Court—Assignment of Error.

The Supreme Court can reverse a decision only on error assigned therein. Where the assignment on writ of error complained only of a ruling denying a right of recovery under Section 2 of the Act of April 7, 1913 there can be no reversal on the ground that such action could be sustained under Section 1 of the same Act. Link v. City of Houston, 94 Texas, 382, and other cases followed. (Pp. 448, 449).

Error of the Court of Civil Appeals for the Fourth District in an appeal from Bexar County.

Armendariz and wife recovered a judgment against Oberstone for damages by death of their son who was killed by collision of the bicycle which he was riding with an automobile of defendant negligently operated by the latter's agent. Defendant appealed, and the judgment was reversed and rendered in his favor (244 S. W., 644). Appellees then obtained writ of error.

*Guy Cater* and *G. Woodson Morris,* for plaintiffs in error.

At the time of the injury and death of Guillermo Armendariz on April 11, 1921, Art. 4694, Vernon's Sayles' Annotated Civil Statutes 1914, Acts. 33d Leg. (1913) Ch. 143, Amending Revised Statutes (1911) Art. 4694, was in full force and effect and was a valid law. Doeppenschmidt v. I. & G. N. Ry Co., 101 S. W., 1080; Newnom v. Williamson, 103 S. W., 656; English & Scottish Am. Mortg. & Invest. Co., Ltd., v. Hardy, 55 S. W., 169; Gunter v. Texas Land & Mortgage Co., 82 Texas, 496; Johnson. v. Martin, 75 Texas, 33; Snyder v. Compton, 87 Texas, 374; Smith v. Grayson County, 44 S. W., 921, 18 Texas Civ. App., 153.

*Heilbron & Matthews, C. L. McGill,* and *Seeligson & Seeligson,* for defendant in error.

The plaintiffs cannot recover damages from the defendant, a natural person, because, at the time of the accident involved in this case, April 11, 1921, the Texas death-injury statute as amended, when properly construed in the light of Art. 3, Sec. 35, of the Texas Constitution does not authorize a 'recovery against natural persons by reason of the negligence, unskillfulness or default of such person's servants or agents. Art. 3, Sec. 35, Constitution of Texas; Gen. Laws of Texas, 33d Leg., 1913, page 289; Rogers v. Tobias, 225 S. W., 804; Adams & Wickes v. San Angelo Water Works Co., 86 Texas, 485; M., K. & T. Ry. Co. v. State, 102 Texas, 153; M., K. & T. Ry. Co. v. Mahaffey, 105 Texas, 394; Giddings v. San Antonio, 47 Texas, 548; Ft. W. & D. C. Ry. Co. v. Lloyd, 63 Texas Civ. App., 47, 132 S. W. 899; Gulf, T. & W. Ry. Co. v. Lunn, 141 S. W., 538; National Surety Co. v. Murphy-Walker Co., 174 S. W., 997.

MR. JUSTICE GREENWOOD delivered the opinion of the Court.

Bearing in mind that plaintiffs in error were appellees and that defendant in error was appellant in the Honorable Court of Civil Appeals, that court made a statement of the nature and result of this suit, which will suffice for the purposes of our opinion, in the following words:

"Appellees recovered judgment against appellant in a suit in which it was alleged that appellees' minor son was wrongfully killed in a collision between the latter's bicycle and a

grocery truck operated by an employee of appellant. It was shown upon the trial that the accident occurred in the nighttime at the intersection of Avenue C and Eighth street, in the city of San Antonio. The jury found that both vehicles were being operated without lights, and that the accident and injuries to the boy were caused by the facts, specially found that appellant's truck, while being operated without lights, at a rate of speed in excess of 10 miles an hour, 'cut' the corner, and the driver failing to give any danger signals of its approach to the place of the accident. The jury further found that the deceased boy was negligent in having no light on his wheel, but that this negligence did not cause the accident. There was evidence to support each of these findings, and therefore none of them will be disturbed."

The Court of Civil Appeals discussed no other question than whether defendant in error could be held liable under the second section of the 1913 Act, and correctly determined that question. 244 S. W., 644.

Plaintiffs in error present a single assignment of error. in their petition for writ of error as follows:

"The Court of Civil Appeals erroneously held that the amendment of 1913 (Acts 33d Leg. Reg. Sess. p. 288, Vernon's Sayles' Ann. Civ. St. 1914, Art. 4694) to Sec. 2 of Art. 4694, R. S., is invalid in so far as it attempts to make a natural person liable in damages for a wrongful death caused by his agents or servants, for the reason that no such purpose in the statute was expressed in, or could be implied from, its title, which was violative of Const. Art. 3, Sec. 35, and, therefore, void."

The portion of the application covering grounds of jurisdiction and the proposition under the assignment of error refer to no other question than the correctness of the construction by the Court of Civil Appeals of Sec. 2 of the 1913 Act. Every page of the argument for plaintiffs in error and every authority cited relate to the same question. Since we cannot reverse for unassigned error, we have no other alternative than to affirm the judgment of the Court of Civil Appeals—no matter what might be our opinion as to the rights of defendant in error under Sec. 1 of the 1913 Act. We determined today in Magnolia Petroleum Co. v. Hamilton that the portion of the second section of the 1913 Act which purports to create liability is void because in conflict with Sec. 35 of Art. 3 of the Constitution. Post., 455.

We cannot reverse a judgment on the ground that section one of an Act creates liability when we are only asked to

review a decision in so far as it holds that section two creates no liability.

This case presents precisely the same situation as Link v. City of Houston, 94 Texas, 382, 60 S. W., 664. There the Court of Civil Appeals correctly determined that certain taxes were not barred, for which the City recovered judgment. The Supreme Court thought the taxes, while not barred, might have been shown to have been satisfied. Therefore a writ of error was granted. But the Court had to affirm the judgment of the Court of Civil Appeals saying of the question whether the taxes were satisfied: "But the question thus suggested is not presented by the application for writ of error, which relies solely on the ground of limitation and in no way claims that the right of the City to its taxes was ever satisfied. It may be that had its attention been called to the point the Court of Civil Appeals might have considered it as involving an error apparent of record, but there is no such provision with reference to this court, its action being confined to the grounds set up in the application for writ of error."

Among the numerous cases announcing the same rule are Texas Co. v. Stephens, 100 Texas, 638, 103 S. W., 481; Schaff v. Mason, 111 Texas, 389, 235 S. W., 520; Holland v. Nimitz, 111 Texas, 432, 232 S. W., 298, 239 S. W., 185.

We therefore express no opinion as to whether defendant in error could have been held liable under the first section of the 1913 Act as construed by this Court, but, finding no merit in the sole assignment presented by plaintiffs in error, the judgment of the Court of Civil Appeals must be affirmed. It is so ordered.

*Affirmed.*