**Fulgencio MADERAZO and Monica Maderazo, Appellants,**

v.

**ARCHEM COMPANY, Appellee.**

**No. B14–88–737–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 15, 1990.

Rehearing Denied April 19, 1990.

Michael G. Cosby, Waco, for appellant.
Robert Shults, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment. Appellants bring five points of error on appeal. We affirm.

On January 9, 1988, Hans Maderazo, the son of Fulgencio and Monica Maderazo (appellants), died in an explosion and fire at Archem Company (Archem). On the date of the explosion, Archem was a subscriber of the Workers' Compensation Act. Appellants filed suit against Archem seeking actual and exemplary damages. Archem answered and filed a motion for summary judgment and alleged appellants were precluded from seeking exemplary damages. Archem also alleged appellants' exclusive remedy was a claim against the compensation carrier. Appellants then challenged the constitutionality and applicability of the Wrongful Death Act and the Workers' Compensation Act upon which appellee based its motion. The trial court granted appellee's motion for summary judgment. Appellants appeal the granting of the summary judgment.

In point of error one, appellants contend the trial court erred by granting summary judgment since they had properly stated a cause of action for gross negligence and were entitled to pursue their cause of action under the open courts pro-

vision of the Texas Constitution. However, appellants sought exemplary damages for the alleged gross negligence of Archem. A clear constitutional and statutory scheme exists for the recovery of exemplary damages. Article 8306 provides:

> Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving *husband, wife, [and] heirs of his or her body* ....

TEX.REV.CIV.STAT.ANN. art. 8306, § 5 (Vernon 1966) (emphasis added). This statutory provision tracks the language of Article XVI which states:

> Every person, corporation or company that may commit a homicide, through willful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

TEX. CONST. art. XVI, § 26. Appellant contends the list of those entitled to recover exemplary damages pursuant to Article XVI is not exhaustive, but should be construed concurrently with the open courts provision. The open courts provision provides:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. I, § 13. Appellant contends the open courts provision provides an *additional* avenue which allows them to recover exemplary damages. We disagree.

Although it is unclear why the framers of the Constitution failed to include parents in the class of plaintiffs allowed to recover exemplary damages for acts of gross negligence, we are reluctant to construe the open courts provision so broadly as to bring the parents within the class. Such a broad construction would not stop with the inclusion of parents, but would create a new class of plaintiffs claiming injury and remedy. We recognize and sympathize with the anguish all parents endure after losing a child; however, we find the framers of the constitution did not intend for

parents to recover exemplary damages for the loss of a child because they omitted parents when defining the class. Accordingly, we overrule appellants' first point of error.

In points of error two through five, appellants contend the trial court erred by granting appellee's motion for summary judgment since they had properly stated a cause of action for negligence and gross negligence under the Wrongful Death Act.

Pursuant to §§ 71.002 and 71.004 of the Wrongful Death Act, parents of a deceased are designated as beneficiaries entitled to recover when the decedent's death is caused by the defendant's "wrongful act, neglect, carelessness, unskillfulness or default." However, § 71.003 limits such recovery to actions in which "the individual injured would have been entitled to bring an action for the injury if he had lived."

■ Appellants concede the decedent, Hans Maderazo, was covered by workers' compensation insurance. Under Article 8306 of the Workers' Compensation Act, a participant is deemed to have waived his common law cause of action against his employer. Because of the derivative nature of § 71.003, appellants are precluded from bringing suit because their son would not have been entitled to sue had he lived. Appellants contend § 71.003, as applied in this instance, deprives them of an *independent* cause of action for damages peculiar to them as parents of the deceased employee. Accordingly, appellants allege TEX.CIV. PRAC. & REM.CODE ANN. § 71.003 and TEX. REV.CIV.STAT.ANN. art. 8306 are unconstitutional as they violate both the open courts provision of the Texas Constitution, and the equal protection guarantees of the state and federal constitution.

■ As we consider the constitutionality of the statutes at issue, we begin with the presumption of validity. We presume the legislature has not acted unreasonably or arbitrarily. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983); *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968). A mere difference of opinion, where reasonable minds could differ, is insufficient to strike down

legislation as arbitrary or unreasonable. *Id.* We will consider the constitutionality of the statutes under the open courts provision and the equal protection clauses separately.

### Open Courts

Appellants allege § 71.003 unreasonably abridges their right to seek redress for damages resulting from Archem's wrongful acts. While it is widely accepted that the open courts provision guarantees a right of access to the courts, dissension arises when parlaying constitutional protection to existing substantive remedies. In *Sax*, the supreme court articulated the standard that a well-established common law cause of action cannot be legislatively abrogated absent a showing that the basis for the statute outweighs the denial of the constitutionally guaranteed right of redress. *Sax v. Votteler*, 648 S.W.2d at 666. A statutory right to sue under the Wrongful Death Act, however, is neither a fundamental nor constitutional right. *Parham v. Hughes*, 441 U.S. 347, 358 n. 12, 99 S.Ct. 1742, 1749 n. 12, 60 L.Ed.2d 269 (1979). A cause of action for wrongful death *did not exist at common law*, and it is only by virtue of statutory authority that such suits can be maintained. *Edwards Transfer Co., Inc. v. Brown*, 740 S.W.2d 47, 48 (Tex.App.—Dallas 1987), *aff'd*, 764 S.W.2d 220 (Tex.1988). The purpose of the open courts provision is to safeguard against legislative action which would abolish all legal remedies for a well recognized, common law cause of action. *Lebohm v. City of Galveston*, 154 Tex. 192, 275 S.W.2d 951, 953 (1955). It does not apply to a statutory cause of action which *expands* the rights of an individual beyond those granted by common law. Because § 71.003 creates rights not established by common law and does not leave appellants without redress, we find the open courts provision inapplicable.

### Equal Protection

Appellants also contend their preclusion from bringing a wrongful death cause of action violates the Equal Protection clause of TEX. CONST. art. I, § 3, which provides "[a]ll free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services."

Appellants allege § 71.003 denies one class of individuals rights and privileges afforded to another class, although the two classes are not substantially different. Appellants assert that because of the application of the Workers' Compensation Act, parents of deceased children who could not have sued had they lived are left without a remedy, while parents of children who could have sued had they lived are entitled to seek redress for identical harms suffered. Appellants concede they are not a "suspect" class for purposes of equal protection analysis, but contend the classification involves the fundamental right of access to the courts; therefore, appellants allege § 71.003 is subject to "strict scrutiny" analysis and must serve a compelling state interest to withstand an equal protection challenge. We disagree.

As we previously noted, the classification created by § 71.003 neither infringes upon fundamental rights or interests, nor burdens an inherently suspect class; therefore, strict judicial scrutiny is inappropriate. *See Spring Branch I.S.D. v. Stamos*, 695 S.W.2d 556, 559 (Tex.1985), *appeal dismissed*, 475 U.S. 1001, 106 S.Ct. 1170, 89 L.Ed.2d 290 (1986). Furthermore, as the classification is not based on any immutable human attributes, such as gender or illegitimacy, which might call for an intermediate standard of review, it is valid if rationally related to a legitimate state interest. *See, e.g., Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153 (5th Cir.), *cert. denied*, 469 U.S. 1163, 105 S.Ct. 921, 83 L.Ed.2d 933 (1984).

A cause of action under the Wrongful Death Act is derivative by its nature. *Davenport v. Phillip Morris, Inc.*, 761 S.W.2d 70, 71 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Leal v. C.C. Pitts Sand & Gravel*, 419 S.W.2d 820, 821 (Tex.1967). A wrongful death action cannot be maintained successfully when the decedent would have had no cause of action had he

survived the injuries. *Schwing v. Blue-bonnet Express, Inc.*, 489 S.W.2d 279, 281 (Tex.1973). Considering the derivative nature of appellants' wrongful death action, and their preclusion from successfully bringing suit because decedent participated in the Workers' Compensation program, we must construe the two statutes together.

The Workers' Compensation Act was established to provide an exclusive compensation system for employees suffering an on the job injury. *See Woolsey v. Panhandle Ref. Co.*, 131 Tex. 449, 116 S.W.2d 675 (1938). The purpose of the Act was to allow an employee to relinquish his common law remedy for prompt remuneration for loss of earning capacity, without imposing on him the burden of demonstrating fault. *Paradissis v. Royal Indem. Co.*, 507 S.W.2d 526, 529 (Tex.1974). The benefits of this voluntary and elective system are bipartite. The employee is entitled to quick compensation irrespective of fault; and the employer enjoys limited liability except in death cases supporting exemplary damage awards.

■ Under TEX.REV.CIV.STAT.ANN. art. 8306 § 8a, appellants, as named beneficiaries, are entitled to full death benefits without demonstrating fault. If we agree with appellants that their injury is independent, we will allow them a cause of action greater than that which their son could have brought had he lived. This conclusion would certainly disrupt, and possibly destroy, the foundation of the workers' compensation scheme. We hold that the exclusion of parents of employees who participate in the program, from the class of persons entitled to maintain a wrongful death action, is rationally related to the legitimate goals of maintaining the workers' compensation program. We overrule points of error two through five.

As an intermediate court, we are especially reluctant to abolish this long-standing statutory scheme that is beneficial to both the employer and employee. Accordingly, we affirm.