Regina FULLER, Appellant,

v.

**TRAVELERS INDEMNITY COMPANY
OF ILLINOIS and Travelers Insurance
Company, Appellees.**

No. 09–92–144 CV.

Court of Appeals of Texas,
Beaumont.

Dec. 16, 1993.

John Hinson, Hobson & Ferguson, Richard J. Clarkson, Reaud, Morgan & Quinn, Beaumont, for appellant.

Martha Crandall Coleman, Strasburger & Price, Dallas, for appellees.

Before NYE, C.J.,* and BROOKSHIRE and BURGESS, JJ.

## OPINION

NYE, Chief Justice.

This is a wrongful death action. Regina Fuller brought suit against Travelers Indemnity Company of Illinois ("Travelers Indem-

---

* Chief Justice, Retired, Court of Appeals, Corpus Christi, sitting by assignment to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

nity") and Travelers Insurance Company ("Travelers Insurance") seeking damages for the death of her father, Mr. Calvin Fuller.[1] The trial court granted Appellees' Motion for Summary Judgment based on the language of TEX.REV.CIV.STAT.ANN. art. 8306, § 3(e) (repealed 1991).[2] Appellant appeals. We affirm the judgment of the trial court.

In her Fifth Amended Petition, Appellant asserts that her father was an employee of American Petrofina (or its predecessor), at its refinery in Port Arthur, Texas, for many years. It was alleged that during his years of employment, Mr. Fuller was exposed to various polynuclear aeromatic hydrocarbons at the Fluid Catalytic Cracking Unit as well as other units. Allegedly this exposure to hydrocarbons resulted in death from adenocarcinoma on May 5, 1982. It was claimed that exposure to the substances at the refinery caused him to have lung cancer. Travelers Indemnity was the workers' compensation carrier for American Petrofina from January 1, 1973, until January 1, 1976, and provided workers' compensation benefits to the employees of American Petrofina where decedent was employed. During the period from July, 1973, to January, 1976, Travelers Indemnity performed periodic safety audits and industrial hygiene surveys at the refinery. The safety audits were conducted as part of Travelers' workers' compensation insurance coverage for the plant. Appellant alleges that Travelers Insurance and Travelers Indemnity were negligent and grossly negligent because these companies failed to take any action to alleviate the health and safety hazards present at the employer's facilities and/or warn Mr. Fuller of their existence, despite the knowledge by Appellees of numerous health and safety hazards present at the refinery.

Appellees filed their Amended Motion for Summary Judgment, alleging that Art. 8306, § 3(e) of the Texas Workers' Compensation Act grants immunity to workers' compensation insurance carriers against allegations such as those made by Appellant in the instant suit. The trial court granted Appellees' Motion for Summary Judgment on May 11, 1992.

Appellant appeals and contends here that the trial court erred in granting summary judgment on essentially two (2) grounds:

1) That the TEX. CONST. art. 16, § 26 preserves Plaintiff's cause of action for exemplary damages, notwithstanding the immunity provision of the Texas Workers' Compensation Act; and

2) That the immunity provision is violative of TEX. CONST. art. 1, § 13.

■■■ The standard of review of a summary judgment is familiar to Texas Appellate Courts. The basic question on appeal is whether the summary judgment proof establishes that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985). In reviewing the summary judgment proof, all evidence favorable to the non-movant must be taken as true, indulging all inferences and resolving all doubts in the non-movant's favor.

Appellees, Travelers, contends that Art. 8306, § 3(e) grants appellees immunity by precluding any claim against a carrier that arises out of any accident prevention program undertaken in connection with the subscriber's operation. The Act provides as such in the following language:

> The Association (i.e. the compensation carrier), its agent, servant or employee, shall have no liability with respect to any accident based on the allegation that such accident was caused or could have been prevented by a program, inspection, or other activity or service undertaken by the Association for the prevention of accidents in connection with the operations of its subscriber; provided, however, this immunity shall not affect the liability of the Association for compensation or as otherwise provided in this law.[3]

1. When appropriate, Travelers Indemnity and Travelers Insurance will be referred to collectively as "Appellees".

2. The Texas Workers' Compensation Act. All references are to the Act in effect prior to 1991.

3. This provision was recodified in the new workers' compensation statute as TEX.REV.CIV.STAT.ANN.

Appellant, on the other hand, contends that the statutory provision in question must be read in conjunction with TEX. CONST. art. 16, § 26 which states that:

> Every person, corporation or company, that may commit a homicide through willful act, or omission, of gross negligent, shall be responsible in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceedings that may or may not be had in relation to the homicide.

Appellant would urge this Court to construe the constitution and workers' compensation provision to allow the constitution to address intentional misconduct or gross negligence that does not result in death.

■ Texas did not always recognize an action for wrongful death. *Moreno v. Sterling Drug Inc.,* 787 S.W.2d 348, 356 (Tex. 1990). By 1860 though, provision was made for recovery for actual damages only due to wrongful death. *March v. Walker,* 48 Tex. 372, 374 (1877). While the Texas Constitution of 1869 provided for an action for wrongful death it was limited to cases of willful homicide. The Constitution of 1876 included the element of gross neglect as additional grounds for recovering exemplary damages. *Houston & T.C. R'y Co. v. Baker,* 57 Tex. 419, 424 (1882). In actuality, TEX. CONST. art. 16, § 26 does not create a new cause of action, instead it provides for the recovery of exemplary damages for a specified class of beneficiaries in situations in which recovery for actual damages for wrongful death is otherwise available. Unless there is entitlement to actual damages, there is no cause of action for exemplary damages. *Nabours v. Longview Sav. & Loan Ass'n,* 700 S.W.2d 901 (Tex.1985). If a right to recover actual damages is barred, Art. 16, § 26 will not afford a right to exemplary damages for wrongful death. *See Go International, Inc. v. Lewis,* 601 S.W.2d 495, 499 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.) which cites *Fort Worth*

*Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397 (1934).

■ Appellant's challenge to the summary judgment in this case is her claim that TEX. REV.CIV.STAT.ANN. art. 8306, § 3(e) is unconstitutional. When considering the constitutionality of a statute (in this case Art. 8306, § 3(e)), this Court must begin with a presumption of validity. *Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex.1983); *Smith v. Davis,* 426 S.W.2d 827, 831 (Tex.1968). We are to presume the legislature has not acted unreasonably or arbitrarily.

■ The party asserting unconstitutionality has the burden of demonstrating it. *Spring Branch I.S.D. v. Stamos,* 695 S.W.2d 556, 558 (Tex.1985), *appeal dism'd,* 475 U.S. 1001, 106 S.Ct. 1170, 89 L.Ed.2d 290 (1986); *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex. 1974). Neither of the constitutional provisions on which Fuller relies invalidates the immunity granted by the TEX.REV.CIV.STAT. ANN. art. 8306, § 3(e).

■ At common law, a right of action for injuries resulting in death did not survive the death of the injured party. The cause of action for wrongful death in Texas is purely a creature of statute. *Amos v. Central Freight Lines, Inc.,* 575 S.W.2d 636, 638 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ); *Oberstone v. Armendariz,* 244 S.W. 644 (Tex. Civ.App.—San Antonio 1922), *aff'd,* 115 Tex. 446, 283 S.W. 479 (Tex.1926). Therefore, in all wrongful death actions, the application of the wrongful death statute must be analyzed.[4] A cause of action for an individual's death must fall within the parameters of the statute to survive. Any wrongful death recovery in Texas is wholly derivative of the decedent's right of recovery. TEX.CIV.PRAC. & REM.CODE ANN. § 71.003(a) (Vernon 1986); *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 344–345 (1992); *Schwing v. Bluebonnet Express, Inc.,* 489 S.W.2d 279, 280 (Tex. 1973). The wrongful death statute itself provides that it applies only if the individual injured would have been entitled to bring an

---

art. 8308–7.06 (effective 1991). The 4th Court of Appeals (San Antonio) on Aug. 11, 1993 in a 4–3 decision in the case of *Texas Workers' Compensation Commission v. Garcia,* 862 S.W.2d 61, held that the Workers' Compensation law was uncon-

stitutional—TEX.REV.CIV.STAT.ANN. art. 8308—1.01 through 8308—11.10 (Vernon Supp.1992).

**4.** Chapter 71, TEX.CIV.PRAC. & REM.CODE.

action for the injury had he lived. TEX.CIV. PRAC. & REM.CODE § 71.003. As a derivative claim, any defense that would defeat a personal injury claim during the decedent's lifetime can likewise be raised to defeat the wrongful death claim. *Washam v. Hughes,* 638 S.W.2d 646, 648 (Tex.App.—Austin 1982, writ ref'd n.r.e.). As such, a wrongful death action cannot be maintained successfully when the decedent would have had no cause of action had he survived his injuries. *Maderazo v. Archem Co.,* 788 S.W.2d 395, 397 (Tex.App.—Houston [14th Dist.] 1990, no writ).

The threshold question becomes, could Mr. Fuller have maintained a cause of action against Appellees for the same alleged wrongdoing? We think not. Fuller could not maintain a cause of action for actual damages against Travelers Indemnity or Travelers Insurance for conduct in providing periodic safety or industrial hygiene programs at its insured's facilities based on the immunity provided under Art. 8306, § 3(e). Accordingly, Regina Fuller has no cause of action for actual damages against Appellees under the same grounds. To find otherwise would bestow on Appellant a cause of action greater than that which her father could have brought had he lived. *See Maderazo,* 788 S.W.2d at 399.

In so holding, we next turn to the question whether the Texas Constitution would allow Mr. Fuller to sue Appellees for exemplary damages. Appellees argue that Art. 16, § 26 merely preserves a right of exemplary damages for a specified class of beneficiaries, in situations in which recovery for actual damages for wrongful death is otherwise available. We agree. Article 16, § 26 only grants a Plaintiff a right to seek recovery for exemplary damages for homicide occasioned by the gross negligence of a tort-feasor if the cause of action already exists. It does not operate to create an independent cause of action. *Go International,* 601 S.W.2d at 499.

Even though Art. 16, § 26 of the Texas Constitution preserves a cause of action for wrongful death beneficiaries for gross negligence resulting in death, it is fundamental that exemplary damages cannot be awarded where actual damages are insupportable. *Go International,* 601 S.W.2d at 499; *Suber v. Ohio Medical Products,* 811 S.W.2d 646 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Article 16, § 26 does not create a cause of action for exemplary damages for wrongful death. In the instant case, Appellant is barred from bringing the cause of action because of the immunity under Art. 8306, § 3(e). Since there can be no recovery of actual damages, there can consequently be no recovery for exemplary damages. The constitutional provision is inapplicable in this instant.

Appellant next contends that Art. 8306, § 3(e) violates the "Open Courts" provision of the Texas Constitution. However, the purpose of the Open Courts provision is to safeguard against legislative action, which would abolish all legal remedies for a well recognized, common-law cause of action. *Maderazo,* 788 S.W.2d at 398. The Open Courts provision is a due process guarantee assuring that, "Texas citizens bringing common-law causes of action will not unreasonably be denied access to the Courts." *Sax,* 648 S.W.2d at 664. A well established common-law cause of action cannot be restricted absent specific legislative basis showing that the legislative basis for the statute outweighs the denial of the constitutionally guaranteed right of redress. *Id.* at 665–666. This provision does not apply to a statutory cause of action which constitutes an expansion of the rights guaranteed by common law. *Suber,* 811 S.W.2d at 650. The statutory right to sue under the Wrongful Death Act, however, is neither a fundamental or constitutional right. *Id.; Parham v. Hughes,* 441 U.S. 347, 358 n. 12, 99 S.Ct. 1742, 1749, 60 L.Ed.2d 269, 279 (1979). The Open Courts Doctrine does not apply to a statutory cause of action which expands the rights of an individual beyond those granted by common law. Because Plaintiffs' claim is a statutory action and not a common-law cause of action, the Texas Open Courts provision does not apply.

An additional integral requirement for a cause of action for wrongful death is that the cause of action must have existed in favor of the decedent at the time of his death. A

wrongful death cause of action is derivative of the decedent's right to recover. Tex.Civ. Prac. & Rem.Code Ann. § 71.003(a) (Vernon 1986); *Ingersoll–Rand Co.,* 841 S.W.2d at 345.

To sum up, recovery of exemplary damages for wrongful death by beneficiaries is dependent upon the decedent's right of recovery of actual damages and neither of these requirements has been altered by Tex. Const. art. 16, § 26. This provision of the constitution does not limit the right of recovery for exemplary damages for wrongful death among the class of beneficiaries so designated by the constitution. We find that Art. 8306, § 3(e) of the Workers' Compensation Act which abolishes the right of decedents and their beneficiaries to bring an action against compensation carriers for injuries or death allegedly sustained as a result of the implementation and maintenance of accident prevention programs is consistent with the constitutional provisions in question. In abolishing the right to recover for actual damages in the instant case the legislature likewise abolished the right to recover punitive damages in such cases. We find this to be consistent with Tex. Const. art. 16, § 26.

By statute, an employee may give notice to his employer of his intent not to be governed by the Texas Workers' Compensation Act. If an employee does not give such notice to his employer then he is "held to have waived his right of action at common law or under any statute of this State to recover damages for injuries sustained in the course of his employment." Tex.Rev.Civ.Stat.Ann. art. 8306, § 3(a) [replaced by art. 8308–3.08, § (a) (effective 1991)]. We find that appellant's father voluntarily relinquished his right to recover actual (and thereby exemplary) damages from Travelers Indemnity and Travelers Insurance when he did not notify his employer as provided by statute. As we have previously noted, appellant's cause of action is totally derivative from her fathers. *Russell,* 841 S.W.2d at 345. By appellant's father waiving his own cause of action against the carrier, the derivative action by appellant was likewise waived.

We overrule appellant's points of error one and two and affirm the judgment of the trial court.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority relies upon *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343 (Tex.1992), for support. This reliance is misplaced. *Ingersoll–Rand* involved only statutory causes of action, a survival cause of action under Tex.Civ.Prac. & Rem.Code Ann., § 71.021 (Vernon 1987) and a wrongful death action under Tex.Civ.Prac. & Rem.Code Ann., § 71.003(a) (Vernon 1987). *Ingersoll–Rand* held both of these are totally derivative of the decedent's rights and subject to defenses which could have been asserted against the decedent. However, our case is not based upon those statutes, it is based upon Tex. Const. art. XVI, § 26.

Nor is this case controlled by *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397 (1934), or *Go International, Inc. v. Lewis,* 601 S.W.2d 495, 499 (Tex.Civ. App.—El Paso 1980, writ ref'd n.r.e.), rather than by *Ingersoll–Rand.* For these two cases must be harmonized with *Wright v. Gifford–Hill & Co., Inc.,* 725 S.W.2d 712 (Tex.1987), and the explanation of *Nabours v. Longview Savings & Loan Ass'n,* 700 S.W.2d 901 (Tex.1985), contained therein. *Wright* involved a widow suing to recover exemplary damages for the death of her husband under Tex.Rev.Civ.Stat.Ann. art. 8306, § 5 (Vernon 1967). The court characterized as dicta the language in *Fort Worth Elevators Co.* requiring recovery of actual damages under the compensation act in order to recover exemplary damages. The court went on to hold that a plaintiff need not secure a finding on the amount of actual damages in order to recover exemplary damages under the compensation act and disapproved that portion of *Fort Worth Elevators.* The court went on to explain that the statement in *Nabours* that even in cases where actual damages are not recoverable, it is still necessary to allege, prove, and secure jury findings on actual damages is not applicable to causes arising under the exemplary damage provision of the compensation act. This ex-

170

planation of *Nabours* highlights an important aspect of *Nabours*. *Nabours* acknowledges exemplary damages may be awarded in cases where actual damages exist regardless of whether the actual damages are recoverable. 700 S.W.2d at 903.

It is true Regina Fuller is not suing under the compensation statute. However, her cause of action is not derivative of her father's in the statutory sense. TEX. CONST. art. XVI, § 26, allows her to recover for exemplary damages in a constitutional sense. While the legislature could certainly provide the carrier with immunity from liability as to Mr. Fuller, they cannot override the constitutional provision making the carrier responsible for committing homicide through gross negligence.

In summary, this court can harmonize all the relevant cases by holding when exemplary damages are sought under the constitutional provision, it is not necessary that actual damages be recoverable, they need only to exist. I would so hold and reverse the summary judgment.