## FALL et al. v. WEBER.
## No. 10922.

Court of Civil Appeals of Texas. Dallas.
Jan. 30, 1932.

Rehearing Denied March 5, 1932.

White & Yarborough, of Dallas, for appellants.

Harry P. Lawther, Shelby S. Cox, and Wm. M. Cramer, all of Dallas, for appellee.

JONES, C. J.

In a suit by appellants in a district court of Dallas county against appellee, the court sustained appellee's special exception, pointing out a misjoinder of causes, and, appellants declining to amend, the cause was dismissed. The appeal has been duly perfected to this court.

The petition shows that this suit was instituted by C. G. Fall, as next friend for Virginia Fall, a minor daughter, and by C. G. Fall and wife, Willie Kay Fall, individually, to recover damages for personal injuries received by the minor, Virginia Fall, alleged to have been caused by the negligence of appellee. It was shown by the petition that A. J. Weber, appellee, was doing business under the trade name of Weber's Root Beer Company and operated numerous root beer stands in the city of Dallas; that on the evening of June 17, 1928, appellants were in their family car, driven by C. G. Hall, and drove into the grounds occupied by one of appellee's stands, for the purpose of drinking root beer; that, after they had been served, the father undertook to back his car out of the grounds, and in doing so backed into a post which had been erected by appellee on said grounds, with the result that the daughter, Virginia, received serious and permanent injuries, alleged to have been caused by the negligence of appellee in maintaining the post at the place and under the circumstances alleged. These allegations in reference to such negligence are sufficient to state a cause of action, and we do not consider it necessary to give even the substance of such allegations.

The original petition, on which appellants went to trial, was filed November 21, 1929. In the suit instituted, Virginia Fall, by appropriate allegations in the petition, sought to recover damages in the sum of $10,000, alleged to have resulted to her by reason of her injuries, and alleged the measure of damages that apply to such cases. The father and mother, in the same petition, sought to recover damages in the sum of $10,000, and alleged the measure of damages that apply in such suit.

Appellee filed his original answer December 9, 1929, consisting of a general demurrer and a general denial. The question of misjoinder of causes was not raised by appellee until October 6, 1930, on which date he filed an amended answer, containing a special exception, raising specifically the issue of misjoinder of causes, and an answer to the merits

of the suit, contesting the right of recovery of each plaintiff.

The case was called for trial October 16, 1930, when the special exception, raising the issue of misjoinder of causes, was presented to and sustained by the court, and the judgment above described entered.

It is settled law in this state that, when a minor receives personal injuries proximately caused by the actionable negligence of another, a cause of action at once arises in favor of the injured minor for the damages resulting by reason of the injuries received, and, that such minor can maintain a suit to recover the resulting damages through a parent, as next friend. It is also the settled law of this state that, on the infliction of a wrongful injury on a minor, a cause of action at once arises in favor of the parents to recover the damages suffered by them by reason of such injury. Though the cause of action accruing to the minor, and the cause of action accruing to the parents, grow out of the identical state of facts, it is a rule of law in this state that they are separate and distinct causes of action, and cannot be joined in a single suit over an objection seasonably and properly made by the defendant. Slaughter v. American Baptist Publication Soc. et al. (Tex. Civ. App.) 150 S. W. 224, 227; Street Railway Co. v. Reichart, 87 Tex. 544, 29 S. W. 1040; Texas Mexican Ry. Co. v. Lewis (Tex. Civ. App.) 99 S. W. 577. An objection for misjoinder of causes cannot be raised by a general demurrer, but must be raised either by a plea in abatement or by a special exception, pointing out specifically that the petition shows on its face such misjoinder. The special exception in the instant case is sufficient in this respect to show the misjoinder of causes, and there was no error in sustaining it, unless appellee, by his failure to raise this question, in limine, waived such misjoinder.

The rule of law forbidding misjoinder of causes of action is a rule of convenience and expediency. It does not rest upon want of jurisdiction of the court to try such a cause, but solely upon the doctrine that such procedure would consume too much time, confuse the issues before the jury, and hinder, instead of promote, the proper administration of law. Texas Company v. Van Deventer (Tex. Civ. App.) 290 S. W. 560. On the question as to whether an objection to misjoinder of causes may be waived, 1 Texas Jur. p. 664, announces the rule that seems to obtain in this state, as follows: "The right to except to misjoinder of causes of action may ordinarily be waived by agreement, or by the conduct of the parties. Furthermore, one who desires to take advantage of a misjoinder must exercise the right at the proper time, and a failure to object in the first instance according to the practice in the jurisdiction constitutes a waiver of the objection." Numerous authorities are cited to sustain this announcement of the rule. We also cite in addition the following authorities: Adams v. First Nat. Bank (Tex. Civ. App.) 178 S. W. 993; Kemendo v. Fruit Dispatch Co., 61 Tex. Civ. App. 631, 131 S. W. 73; Barton v. Farmers' State Bank et al. (Tex. Com. App.) 276 S. W. 177. Especially will such objection be considered as waived when, because of a long delay in objecting to the misjoinder of causes of action, statutory limitation has run against the causes alleged. This injury occurred on June 17, 1928. The petition and original answers were filed in December, 1929. Objection to misjoinder of causes was not made until October 6, 1930, after the two years, within which the statute of limitation permits the filing of such suits, had elapsed.

We are therefore of the opinion that, under the circumstances of this case, appellee had waived his right to object to the misjoinder of the two causes of action, before he raised such issue, and that the court erred in sustaining the special exception. The case therefore will be reversed and remanded, with instruction to the trial court to reinstate the cause as of the date of the judgment of dismissal, and try the case on its merits.

Reversed and remanded, with instructions.