Bernard SAX, et ux., a/n/f of Lori
Beth Sax, Petitioners,

v.

T.P. VOTTELER, Respondent.

No. C–1457.

Supreme Court of Texas.

April 6, 1983.

Rehearing Denied May 4, 1983.

John E. Collins and Joseph Jamail, Houston, for petitioners.

Thompson & Knight, John H. Martin, Dallas, for respondent.

KILGARLIN, Justice.

The parents of Lori Beth Sax brought a medical malpractice suit against Dr. T.P. Votteler, alleging that he mistakenly removed one of Lori Beth's fallopian tubes, instead of her appendix, during an operation that occurred on May 10, 1976. Dr. Votteler continued to treat Lori Beth until August 5, 1976, at which time she was eleven years of age. The Saxes' suit against Dr. Votteler was filed on February 20, 1979. Dr. Votteler filed a motion for summary judgment, claiming Lori Beth's cause of action was barred by the two-year statute of limitations contained in Texas Insurance Code, article 5.82, section 4 (hereinafter referred to as article 5.82, section 4). The trial court granted the motion and the court of appeals affirmed. 636 S.W.2d 461 (Tex.App.1982). We reverse in part and affirm in part the judgments of the courts below and remand this cause for trial on the merits.

Historically, in Texas, minors have had varying periods of time after reaching their majority to bring an action in tort. As early as pre-statehood, Texas tolled limitations for minors until two years after their attaining majority. Act of February 5, 1841, § 11, 1841 Laws of the Republic of Texas, at 166, 2 H. GAMMEL, Laws of Texas 630 (1898). Thereafter, for a brief time, the Texas Constitution tolled limitations for minors for seven years after removal of disabilities. Tex. Const. art. XII § 14 (1869). Prior to the enactment of article 5.82, section 4, Texas law allowed for a tolling of limitations in all tort actions by minors until two years after attaining majority or removal of disabilities. Tex.Rev. Civ.Stat.Ann. art. 5535 [derived from Tex. Rev.Civ.Stat. art. 5708 (1911)].

In 1975, however, by enacting the Professional Liability Insurance for Physicians, Podiatrists, and Hospitals Act (Ch. 330, 1975 Tex.Gen.Laws 864), the Texas Legislature amended Chapter 5 of the Insurance Code by adding article 5.82, which changed the law with respect to limitations for minors in medical malpractice actions. Section 4 of article 5.82 provided:

Notwithstanding any other law, no claim against a person or hospital covered by a policy of professional liability insurance covering a person licensed to practice medicine or podiatry or certified to administer anesthesia in this state or a hospital licensed under the Texas Hospital Licensing Law, as amended (Art. 4437f, Vernon's Texas Civil Statutes), whether for breach of express or implied contract or tort, for compensation for a medical treatment or hospitalization may be commenced unless the action is filed within two years of the breach or the tort complained of or from the date the medical treatment that is the subject of the claim or the hospitalization for which the claim is made is completed, except that minors under the age of six years shall have until their eighth birthday in which to file, or have filed on their behalf, such claim. Except as herein provided, this section applies to all persons regardless of minority or other legal disability.[1]

As the date of Lori Beth's last treatment from Dr. Votteler occurred in 1976, the statute of limitations in article 5.82 is applicable to the filing of her suit. It is the constitutionality of that provision which is under attack here. The Saxes urge that by removing the tolling provision after age six Lori Beth is being denied her rights to due process and equal protection of the law as guaranteed her by the fourteenth amendment of the United States Constitution. Further, the Saxes urge that article 5.82, section 4, violates the equal protection

1. Article 5.82 became effective June 3, 1975, and expired by its own terms on December 31, 1977. The next regular session of the Texas Legislature enacted the Medical Liability and Insurance Improvement Act. Tex.Rev.Civ.Stat. Ann. art. 4590i. Section 10.01 of that Act contains a statute of limitations provision that is substantially the same as article 5.82, section 4, except under the amended law "... minors under the age of twelve years shall have until their fourteenth birthday in which to file, or have filed on their behalf, the claim." Article 4590i became effective August 29, 1977, and is to terminate of its own accord on August 31, 1993.

guarantee, article I, section 3, and the due process guarantees, article I, section 13, and article I, section 19, of the Texas Constitution.

■ While it is true that state constitutional protections cannot subtract from those rights guaranteed by the United States Constitution, there certainly is no prohibition against a state providing additional rights for its citizens. *See, e.g., PruneYard Shopping Center v. Robins,* 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980). Because we are of the opinion that the Texas Constitution, article I, section 13, does accord Texas citizens additional rights, we choose not to decide this case on the basis of the United States Constitution or the equal protection provision of the Texas Constitution.

What remains for our determination is whether article 5.82, section 4, is violative of article I, section 13, of the Texas Constitution. The court of appeals' opinion concluded that article I, section 13, "was not raised as a ground of defense to the motion for summary judgment and cannot be considered." 636 S.W.2d at 465. We disagree. The Saxes' response to Dr. Votteler's motion for summary judgment states as follows:

> Defendant relies upon section 4 of art. 5.82 of the Insurance Code of the State of Texas. Plaintiffs say that if that particular section does apply to this cause of action that said law is unconstitutional since it provides a shorter statute of limitations for minor medical malpractice plaintiffs than other minor plaintiffs and thus violates the equal protection and due process provisions of the United States and Texas Constitutions.

■ The Texas Constitution contains two separate due process provisions. Article I, section 19, is the traditional due process guarantee, which states: "No citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Article I, section 13, provides: "Excessive bail shall not be required, nor excessive fines im-

posed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." While it is true that this provision is sometimes referred to as the "Open Courts Provision," it is, quite plainly, a due process guarantee. *See Hanks v. City of Port Arthur,* 121 Tex. 202, 48 S.W.2d 944, 945 (1932); 1 Braden, *The Constitution of the State of Texas: An Annotated and Comparative Analysis* 50 (1977). Both provisions of the Texas Constitution have their origin in Magna Carta. *See* Tex. Const. art. I, §§ 13, 19, comment. In any event, the language in the Saxes' response is sufficient to preserve for review all allegations of unconstitutionality under the due process clauses of the Texas Constitution, and more particularly, article I, section 13. *See generally The City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

■ We recognize that "[i]n passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable." *Smith v. Davis,* 426 S.W.2d 827, 831 (Tex.1968).

■ Legislative action, however, is not without bounds. As early as 1932, this Court recognized that article I, section 13, of the Texas Constitution ensures that Texas citizens bringing common law causes of action will not unreasonably be denied access to the courts. *Hanks v. City of Port Arthur, supra.* In *Hanks,* this Court was confronted with an ordinance that exempted Port Arthur from liability for injuries caused by defective streets unless the city had received notice of the defect twenty-four hours prior to the accident. The ordinance was challenged as being violative of article I, section 13. In holding that the ordinance was unconstitutional, this Court reasoned:

As written ... [the ordinance] applies to all persons who may be upon the streets; to children ... [who] have the right to use the sidewalks.... Are we to say that a small child running an errand, or a small boy selling newspapers to help make the family living, who is injured by reason of a defective sidewalk, due to the negligence of the city, or by reason of otherwise actionable negligence of the city, cannot recover because the infant, or some one for him, has not notified one of the city commissioners twenty-four hours before the accident of the existence of the defect? Would that be reasonable? *Is the requirement of a thing impossible from an infant, or one incapacitated for any other reason, due process?* We think not; and yet it is a condition precedent to a recovery....

*Id.* 48 S.W.2d at 948 (emphasis added). *See McCrary v. City of Odessa,* 482 S.W.2d 151 (Tex.1972). In conclusion, the Court set out the test for analyzing future violations of the open courts-due process provision: A statute or ordinance that unreasonably abridges a justiciable right to obtain redress for injuries caused by the wrongful acts of another amounts to a denial of due process under article I, section 13, and is, therefore, void. 48 S.W.2d at 948.

The rule in *Hanks* has been considered dispositive in at least two other cases decided by this Court. In *Lebohm v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951 (1955), an ordinance similar to the one in *Hanks* exempted Galveston from liability for injuries caused by defective streets. In striking down the ordinance on the basis of article I, section 13, this Court stated:

[L]egislative action withdrawing common-law remedies for well established common-law causes of action for injuries to one's "lands, goods, person or reputation" is sustained only when it is reasonable in substituting other remedies, or when it is a reasonable exercise of the police power in the interest of the general welfare. Legislative action of this type is not sustained when it is arbitrary or unreasonable.

*Id.* 275 S.W.2d at 955. The Court additionally observed: "If the due process clause of our Constitution inhibits legislation unreasonably restricting the right to sue in a given field it also inhibits legislation arbitrarily abolishing the right to sue in the same field." *Id.* 275 S.W.2d at 953.

*Waites v. Sondock,* 561 S.W.2d 772 (Tex. 1977) is the most recent pronouncement of this Court involving article I, section 13. In *Waites,* a mother seeking child support from her ex-husband had filed a motion for him to show cause why he should not be held in contempt for failure to pay child support as ordered by the court. The mother alleged that because the former husband had made no payments of child support for approximately two years, she was suffering irreparable harm. The hearing on her motion was set for a date shortly after the Texas Legislature had gone into session. Mr. Waites' attorney, who was a member of the legislature, filed a motion for continuance pursuant to article 2168a, Texas Revised Civil Statutes, which provided continuances for legislator-lawyers until thirty days after the close of the session. The trial court granted the continuance and the mother filed a motion for leave to file a petition for mandamus to require the trial judge to hear her motion for contempt. After citing article I, section 13 and *Lebohm v. City of Galveston, supra,* with approval, this Court held the statute was unconstitutional as applied to Mrs. Waites: "The legislative basis for withdrawing the mother's remedy—the presumption that the policy behind article 2168a outweighs a litigant's right of redress—is arbitrary and unreasonable when, in situations such as this, a party allegedly faces irreparable injury from inaction." *Id.* at 775.

We reaffirm today the interpretation of article I, section 13, set out in *Hanks, Lebohm,* and *Waites.* In doing so, we note that the basis for the Court's conclusion in these cases was that the litigant's right of redress outweighed the legislative basis for the respective ordinances and statute. We hold, therefore, that the right to bring a well-established common law cause

of action cannot be effectively abrogated by the legislature absent a showing that the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress. In applying this test, we consider both the general purpose of the statute and the extent to which the litigant's right to redress is affected.

Article 5.82 was enacted to establish standards for setting liability insurance rates for physicians and other health care providers. *See* Tex.Ins.Code.Ann. art. 5.82, caption; *Littlefield v. Hays,* 609 S.W.2d 627 (Tex.Civ.App.—Amarillo 1980, no writ). Specifically, the legislation's proponents argued that the number and amount of health care claims had increased to the point that it was indirectly affecting the availability and quality of health care. This effect was due to the higher costs of medical malpractice insurance and its unavailability. The general purpose of the statute, therefore, was to provide an insurance rate structure that would enable health care providers to secure liability insurance and thereby provide compensation for their patients who might have legitimate malpractice claims. The specific purpose of the provision in question was to limit the length of time that the insureds would be exposed to potential liability.

■ In analyzing the litigant's right to redress, we first note that the litigant has two criteria to satisfy. First, it must be shown that the litigant has a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.

■ Texas courts have long recognized that a minor has a well-defined common law cause of action to sue for injuries negligently inflicted by others. *See Texas & P. Ry. Co. v. Morin,* 66 Tex. 225, 18 S.W. 503 (1886); *Houston & Great Northern R.R. Co. v. Miller,* 51 Tex. 270 (1879); *Fall v. Webber,* 47 S.W.2d 365 (Tex.Civ.App.—Dallas 1932, writ ref'd). A child's cause of action, however, is distinctly separate from the parent's right to recover damages for injuries to children. In *Fall v. Webber, supra,* the court of appeals explained:

> It is settled law in this state that, when a minor receives personal injuries proximately caused by the actionable negligence of another, a cause of action at once arises in favor of the injured minor for the damages resulting by reason of the injuries received.... It is also the settled law of this state that, on the infliction of a wrongful injury on a minor, a cause of action at once arises in favor of the parents to recover the damages suffered by them by reason of such injury.

47 S.W.2d at 366. A child may recover damages for pain and suffering as well as other damages he may accrue after he reaches the age of majority. *Texas & P. Ry. Co. v. Malone,* 15 Tex.Civ.App. 56, 38 S.W. 538, 539 (Tex.Civ.App.1896, writ ref'd). For example, a child is entitled to recover loss of earning capacity, commencing upon the date of attaining majority or removal of disabilities. However, since the services and earnings of an unemancipated minor belong to his parents, an infant may not recover for diminution of his earning capacity during the period intervening between the injury and his attainment of majority. *Texas and P. Ry. Co. v. Morin, supra.* Historically, in Texas, the right to recover for medical costs incurred in behalf of the minor is a cause of action belonging to the parents, unless such costs are a liability as to the minor's estate. *Bering Mfg. Co. v. Peterson,* 28 Tex.Civ.App. 194, 67 S.W. 133, 135 (Tex.Civ.App.1902, writ dism'd).

■ The second criterion we examine is the effect of the restriction on the child's right to bring his cause of action. A child has no right to bring a cause of action on his own unless disability has been removed. *Gulf, C. & S.F. Ry. Co. v. Styron,* 66 Tex. 421, 1 S.W. 161 (1886); *Moke v. Fellman,* 17 Tex. 367 (1856); *Dr. Pepper Bottling Co. v. Rainboldt,* 40 S.W.2d 827 (Tex.Civ.App.—Waco 1931, writ dism'd). If a minor does bring a cause of action in his own behalf, the action is subject to being abated upon a timely plea of the defendant. *Moke v. Fell-*

man, 17 Tex. 367 (1856); *Kaplan v. Kaplan,* 373 S.W.2d 271 (Tex.Civ.App.—Houston [1st Dist.] 1963, no writ). If the parents, guardians, or next friends of the child negligently fail to take action in the child's behalf within the time provided by article 5.82, the child is precluded from asserting his cause of action under that statute. Furthermore, the child is precluded from suing his parents on account of their negligence, due to the doctrine of parent-child immunity. *See Felderhoff v. Felderhoff,* 473 S.W.2d 928 (Tex.1971). The child, therefore, is effectively barred from any remedy if his parents fail to timely file suit. Respondents argue that parents will adequately protect the rights of their children. This Court, however, cannot assume that parents will act in such a manner. It is neither reasonable nor realistic to rely upon parents, who may themselves be minors, or who may be ignorant, lethargic, or lack concern, to bring a malpractice lawsuit action within the time provided by article 5.82.

We agree with Dr. Votteler that both the purpose and basis for article 5.82 are legitimate. Additionally, we recognize that the length of time that insureds are exposed to potential liability has a bearing on the rates that insurers must charge. We cannot agree, however, that the means used by the legislature to achieve this purpose, article 5.82, section 4, are reasonable when they are weighed against the effective abrogation of a child's right to redress. Under the facts in this case, Lori Beth Sax is forever precluded from having her day in court to complain of an act of medical malpractice. Furthermore, the legislature has failed to provide her any adequate substitute to obtain redress for her injuries. *See, e.g., Middleton v. Texas Power & Light Co.,* 108 Tex. 96, 185 S.W. 556 (1916).

■ We conclude that as to that part of the cause of action for medical malpractice unique to the minor, article 5.82, section 4, is unreasonable. This statute effectively abolishes a minor's right to bring a well-established common law cause of action without providing a reasonable alternative. Therefore, we declare the limitations provi-

sion of article 5.82, section 4, to be in violation of article I, section 13 of the Texas Constitution.

■ Having so concluded, we must now consider what claims in behalf of Lori Beth Sax remain viable. Upon remand, if she proves her case as to malpractice of Dr. Votteler, Lori Beth would be entitled to an award for her physical pain and mental anguish, both past and future, disfigurement, loss of earning capacity after she attains the age of eighteen years, any medical expenses that she may in reasonable probability incur after her eighteenth birthday, and any other damages peculiar to her. However, because the Saxes have allowed the statute of limitations to run on their causes of action, they are barred from recovering medical costs in the past or those which Lori Beth may in all reasonable probability incur prior to her eighteenth birthday. Likewise, the Saxes are not entitled to recover for any loss of earning capacity that Lori Beth may have sustained between the time of injury and her eighteenth birthday.

Having found the provision of the statute in question to be unconstitutional as it applies to a minor's cause of action, we reverse in part and affirm in part the judgments of the courts below and remand this cause to the trial court.