Emma YOUNG, Appellant,

v.

JONES LUMBER COMPANY, Appellee.

Emma YOUNG, Appellant,

v.

DEER PARK LUMBER COMPANY, Appellee.

Nos. A14–89–022–CV, B14–89–023–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 18, 1990.

E. Ed. Todd, Jr., Houston, for appellant.

Jill A. Schaar, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment which found a wrongful death and survival suit barred by the statute of limitations. Appellant argues that a discovery rule ought to have tolled the running of the statute, and that a holding to the contrary would violate the Texas constitutional guarantee of open courts. We affirm the summary judgment.

■ There is no dispute over the operative facts. Appellant's decedent died of myologenous leukemia at the end of February 1984. More than four years later appellant brought this action against appellees. The trial court rendered a take nothing summary judgment on the basis of the relevant statute of limitations, which provides:

A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

TEX.CIV.PRAC. & REM. CODE § 16.003(b). Appellant advocates the use of a discovery rule. Appellees rely on the latter sentence of the statute for the proposition that the cause of action's accrual date has been fixed by the legislature; thus the courts are not free to ignore that determination by searching for some later date.

We agree with appellees. In order to locate the accrual point at a subsequent time, when the legislature has provided otherwise, we would have to pretend that the second sentence of § 16.003(b) simply did not exist. And not even that leap could complete the job, because we would then need to go further by inserting our own preference for what the legislature *should* have said but did not. The only possible way to get around the plain meaning of the law would be to strike it down outright, as appellant asks us in her alternative contention.

■ That claim invokes the open courts provision as authority for saving appellant's cause of action from the statute. TEX. CONST. art. I, § 13. Proper analysis under that clause requires us to apply a two part test: first, the law must restrict a well-established common law cause of action; second, it must pose an unreasonable or arbitrary restriction. *See Lucas v. United States*, 757 S.W.2d 687, 690 (Tex.1988); *Nelson v. Krusen*, 678 S.W.2d 918, 922 (Tex.1984); *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983). There is no need to address the latter prong, given appellant's inability to satisfy the former. It is self-evident that the wrongful death statute is a statute; Texas has not now, and has never had, a common law cause of action for wrongful death. *Witty v. American Gen. Cap. Dist.*, 727 S.W.2d 503, 504 (Tex.1987). It follows that art. I, § 13 presents no impediment to operation of the statute of limitations, because no common law cause of action is affected. Both points of error are overruled.

Affirmed.