Wasson v. Weiner, M.D. 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-122-CV

     EMANUEL WASSON,
                                                                                              Appellant
     v.

     BRUCE WEINER, M.D.,
                                                                                              Appellee
 

From the 125th District Court
Harris County, Texas
Trial Court # 92-37545
                                                                                                    

O P I N I O N
                                                                                                    

      Emanuel Wasson is appealing from a take-nothing summary judgment granted in favor of Dr.
Bruce Weiner. In his first two points he argues that the court erred in granting the summary
judgment and in denying his motion for new trial. In his final point he contends that, if the court
correctly granted the summary judgment, then the case should be remanded in the interest of
justice. We reverse.
      On May 23, 1988, at the age of fifteen, Emanuel Wasson underwent surgery to have
orthopedic pins inserted in his femur. Dr. Bruce Weiner, an orthopedic surgeon, performed the
surgery. When Wasson last visited Weiner on June 2, 1988, he complained of constant pain in
his hip and the need to use crutches. According to Wasson, Weiner told him that the pain was "in
his head" and that Wasson should quit using the crutches.
      In August 1988, Wasson saw another doctor, Dr. Aubrey Douglas. The x-rays taken by
Douglas revealed that one of the pins inserted by Weiner was incorrectly placed in Wasson's hip
joint. Douglas performed surgery on Wasson in August 1988 and April 1990. However, the
problem was not corrected.
      In May 1991, Wasson, age eighteen, had a total hip replacement. In August 1992, at age
nineteen, Wasson filed suit.
      Weiner moved for a summary judgment based on the two-year statute of limitations. The
court granted the summary judgment and Wasson appeals.
      In his first point, Wasson contends that the court erred in granting the summary judgment. 
He argues that article 4590i, section 10.01, of the Revised Civil Statutes is substantially the same
as Insurance Code article 5.82, section 4, which was held unconstitutional by the Supreme Court. 
See Tex. Rev. Civ. Stat. Ann. art. 4509i, § 10.01 (Vernon Supp. 1993); Tex. Ins. Code Ann.
art. 5.82, § 4 (repealed); Sax v. Votteler, 648 S.W.2d 661, 665-67 (Tex. 1983).
      Article 5.82, § 4, states in part: 
Notwithstanding any other law, no claim against a [health care provider] . . . may
be commenced unless the action is filed within two years of the breach or the tort
complained of or from the date the medical treatment that is the subject of the claim or
the hospitalization for which the claim is made is completed, except that minors under
the age of six years shall have until their eighth birthday in which to file, or have filed
on their behalf, such claim. Except as herein provided, this section applies to all persons
regardless of minority or other legal disability.
Tex. Ins. Code Ann. art. 5.82, § 4.
      Texas Revised Civil Statute article 4509i, § 10.01, reads:
Notwithstanding any other law, no health care liability claim may be commenced
unless that action is filed within two years from the occurrence of the breach or tort or
from the date the medical or health care treatment that is the subject of the claim or the
hospitalization for which the claim is made is completed; provided that, minors under the
age of 12 years shall have until their 14th birthday in which to file, or have filed on their
behalf, the claim. Except as herein provided, this subchapter applies to all persons
regardless of minority or other legal disability.
Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01 (Vernon Supp. 1993).
      The statute of limitations provision contained in section 10.01 is "substantially the same as
article 5.82, section 4, except under the amended law `. . . minors under the age of twelve years
shall have until their fourteenth birthday in which to file, or have filed on their behalf, the claim.'" 
Sax, 648 S.W.2d at 663 n.1. In Sax the Texas Supreme Court held that article 5.82, section 4,
violates the due-process clause of the Texas Constitution and is therefore unconstitutional as
applied to minors. Id. at 665-67. The court stated that a statute cannot cut off a minor's cause
of action before he reaches the age of legal capacity. Id. at 667.
      Because article 5.82, section 4, and article 4509i, section 10.01, are substantially the same,
and because article 5.82, section 4, was held unconstitutional as applied to minors, we hold that
article 4509i, section 10.01, is also unconstitutional as applied to minors. In doing so, we adopt
and apply the analysis used by the Supreme Court in Sax. We sustain the first point and remand
the case for further proceedings. We do not reach the remaining point.


                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed March 9, 1994
Publish