**Court of Appeals**
**Fourth Court of Appeals District of Texas**
**San Antonio**



# CONCURRING OPINION

No. 04-08-00379-CV

Patrick **KIMBRELL**, M.D. and John Horan, M.D.,
Appellants

v.

Jeremy **MOLINET**, Louis Molinet and Miriam Molinet,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-14669
Honorable Joe Frazier Brown, Jr., Judge Presiding

Opinion by:         Catherine Stone, Justice
Concurring opinion by:   Rebecca Simmons, Justice

Sitting:     Catherine Stone, Justice
             Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice

Delivered and Filed:   December 31, 2008

I concur in the judgment of this case, but I write briefly to encourage the Texas

Legislature to clarify the interaction between sections 33.004(e) and 74.251 of the Civil Practice

and Remedies Code.

## A.     Applicability of Chapter 33, Proportionate Responsibility

The legislative history of Chapter 33, its structure, and its plain language suggest that it

applies to "any cause of action based on tort in which a defendant, settling person, or responsible

third party is found responsible for a percentage of the harm for which relief is sought" other than specific enumerated exceptions. TEX. CIV. PRAC. & REM. CODE ANN. § 33.002(a)(1) (Vernon 2008). Key to the application of Chapter 33 is the ability of defendants to liberally designate responsible third parties regardless of limitations or personal jurisdiction. *Id.* § 33.004(f), (g), (i), (j). Yet this court's application of section 74.251's limitations period to Chapter 33 bars the claimant from exercising a reciprocal statutory right to join designated responsible third parties regardless of limitations. Such a result creates an inequity and potential for abuse the Legislature may not have anticipated.[1]

## B. Interaction Between Chapter 33 and Chapter 74

The majority's opinion correctly identifies the tension between chapter 33 and chapter 74 of the Texas Civil Practice and Remedies Code. *See id.* § 33.004; *id.* § 74.251 (Vernon 2005). There were compelling reasons behind the Legislature's enactment of a two year statute of limitations for health care liability claims.[2] *See Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983) (noting the purpose of the act "was to provide an insurance rate structure that would enable health care providers to secure liability insurance"). Likewise, there are compelling reasons behind the application of proportionate responsibility to any cause of action so that all responsible persons are before the court. In reviewing the legislative intent behind the enactment

---

[1] At least one legislator, Senator Ratliff, did not anticipate the result of this court's analysis. When asked during floor debates whether the sixty day time period for a plaintiff to join a designated responsible third party, regardless of limitations, applied to a medical malpractice claim, Senator Ratliff responded: "Yes, if health care providers are going to have the benefit of the designation of responsible third parties, then they have to abide by the same rules as everyone else. This 60-day provision would apply in health care liability claims." S.J. of Tex., 78th Leg., R.S. 5005 (2003), *available at* http://www.journals.senate.state.txs.us/sjrnl/78R/pdf/SJ06-01-F.pdf.

[2] The Medical Liability and Insurance Improvement Act reinstated the two year statute of limitations for medical malpractice claims. Medical Liability and Insurance Improvement Act of Texas, 65th Leg., R.S., ch. 817, § 1, sec. 10.01, 1977 Tex. Gen. Laws 2039, 2052, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 872. Article 4590i of the Revised Civil Statutes became section 74.251 of the Civil Practices and Remedies Code. The language in section 74.251(a) is identical to that of article 4590i except for three non-substantive changes. *See generally* Joseph P. Witherspoon, *Constitutionality of the Texas Statute Limiting Liability for Medical Malpractice*, 10 TEX. TECH. L. REV. 419, 428 (1978) (listing a purpose of the Medical Liability and Insurance Improvement Act as intending to protect "physicians, hospitals, and other health care providers from drastically increasing insurance rates").

of Chapter 33 and the 2003 amendments thereto, the Texas Supreme Court noted "[t]he Legislature seemed intent on creating a general scheme of proportionate responsibility for tort claims, subject to specific statutory exclusions." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 692 (Tex. 2007). It is the history of Chapter 33, and the resulting framework that makes apparent the inequity and potential for abuse inherent in refusing to afford the claimant his statutory right to join designated responsible third parties regardless of limitations.

## C. History of Proportionate Responsibility

In 1987, the Legislature replaced comparative negligence with comparative responsibility thereby "replac[ing] the existing statutory and common law schemes." *JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 703 (Tex. 2008).[3] In 1995, the 74th Legislature "amended Chapter 33 by replacing comparative responsibility with proportionate responsibility."[4] *Id.* The 1995 amendments eliminated the list of specific theories of liability to apportion, "providing instead that the chapter should apply 'to any cause of action based on tort.'" *Id.* at 704. The statute allowed the defendant to join any responsible third party in the litigation. With some exceptions, joinder was not available if the action was barred by limitations, lack of personal jurisdiction, or subject matter jurisdiction. Act of May 10, 1995, 74th Leg., R.S., ch. 136, § 1, secs. 33.004(d), (e), 33.011(6)(A), 1995 Tex. Gen. Laws 971, 973 (amended 2003) (defining a responsible third party, in part, as a person over whom the court could exercise jurisdiction).

In 2003, Chapter 33's proportionate responsibility framework was amended to significantly liberalize the defendant's ability to seek to shift or spread liability to others. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 4.01–.12, 2003 Tex. Gen. Laws 847, 855–59

---

[3] Citing Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, §§ 2.03–.11B, 1987 Tex. Gen. Laws 37, 40–44, *amended by* Act of May 10, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 971–75.

[4] Citing Act of May 10, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 971–75, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 4.01–.12, 2003 Tex. Gen. Laws 847, 855–59.

(codified at TEX. CIV. PRAC. & REM. CODE ANN. § 33.002–.017 (Vernon 2008)). Under the amended section 33.004, the defendant could merely designate a responsible third party rather than join the responsible third party in the lawsuit as previously required.[5] Further, the definition of a responsible third party was broadened to include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (Vernon 2008). The 2003 amendments' expanded definition applies regardless of whether the court has jurisdiction over the person or whether he could have been sued by the claimant. *Id.* § 33.011. Moreover, if the defendant properly designates a responsible third party by filing a motion for leave, the court must grant leave if there is no objection within fifteen days. *Id.* § 33.004(f). Even if there is an objection, the court must grant the designation unless the defendant did not plead sufficient facts concerning the alleged responsibility of the designated responsible third party. *Id.* § 33.004(g)(2). Finally, the designation of a responsible third party may not be used in any other proceeding to impose liability on the designee. *Id.* § 33.004(i)(2).

**D.      Balancing Defendant's Designations with Plaintiff's Joinders**

As noted above, under the 2003 amendments, the defendant may designate responsible third parties regardless of whether the limitations period would bar the claimant's joinder of the designee in the lawsuit. Along with the defendant's right to designate time-barred responsible third parties, the Legislature provided the claimant a reciprocal right:

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

---

[5] *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a) (Vernon 2008) (permitting designation), *with* Act of May 10, 1995, 74th Leg., R.S., ch. 136, § 1, sec. 33.004(a), 1995 Tex. Gen. Laws 971, 972 (amended 2003) (requiring the defendant to join the third party).

TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e) (Vernon 2008). Balancing the defendant's ability to designate a time-barred party with the claimant's ability to join a time-barred designee in the lawsuit benefits both parties. The defendant benefits from being able to designate responsible third parties irrespective of any limitations bar. The claimant benefits because, with a designee's joinder not barred by limitations, the defendant may be more circumspect in designating responsible third parties who may become co-defendants intent on reducing their proportionate responsibility. Likewise, aware of the potential for joinder, the designated responsible third party may be more assertive in disclaiming responsibility than if joinder were unavailable.[6]

Because the majority holds section 74.251's "[n]otwithstanding any other law" provision prevents the plaintiff from joining a designated responsible third party under section 33.004(e), the statutory scheme becomes unbalanced. A plaintiff may be forced to expend considerable time and expense to prevent the defendant from shifting liability to a designated responsible third party from whom the plaintiff cannot recover. In a health care liability claim, the unchecked ability of a defendant to designate a time-barred responsible third party may invite mischief. For example, a defendant could wait until section 74.251's limitations period runs to designate a limitations-barred responsible third party and argue the designee is largely or solely liable for plaintiff's damage. The designee, knowing that she is not at financial risk, may have little incentive to assiduously contest liability or shift her alleged responsibility to the named defendant. *See id.* § 33.004(i). Presented with a passive designee and the defendant's bold assertions of blamelessness, the jury likely may apportion responsibility to the designee from whom the plaintiff cannot recover. Under this scenario, the proportionate responsibility

---

[6] There is no requirement under Chapter 33 to notify the responsible third party of its designation. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (Vernon 2008).

framework becomes unbalanced and there is no check on the unbridled designation of responsible third parties otherwise barred by limitations.

The designation of responsible third parties within the proportionate responsibility framework developed by the Legislature was balanced. The defendant was given more latitude to designate time-barred responsible third parties and the claimant was given a counterbalancing right to join the designees in the suit. The application of section 74.251 to remove the plaintiff's ability to join the designated responsible third party results in an imbalance in the framework. There is no deterrent to designating as many time-barred responsible third parties as possible, and no incentive for such designees to vigorously contest responsibility. In essence, the plaintiff is left in the position of having to prove the liability of the party defendant while at the same time defending the empty chair designees. The Legislature developed the proportionate responsibility framework with checks and balances to preclude such an unfair result, but it may not have considered the impact of section 74.251 which bars plaintiff's statutory right to join a time-barred responsible third party in a health care liability case. Unfortunately for proportionate responsibility, without further clarification from the Legislature, there is no check and the balance is gone.

Rebecca Simmons, Justice