ACCEPTED
01-14-00379-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/17/2015 8:21:15 PM
CHRISTOPHER PRINE
CLERK

**CAUSE NO. 01-14-00379-CV**

IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/17/2015 8:21:15 PM

CHRISTOPHER A. PRINE
Clerk

**MOSE A. GUILLORY and MARY GUILLORY,**

*Appellants,*

**v.**

**SEATON, L.L.C., d/b/a STAFF MANAGEMENT,**

*Appellees.*

**On Appeal from the 113th Judicial District Court of Harris County, Texas
Cause No. 2012-61407A**

**APPELLANTS' MOTION FOR REHEARING**

Bradford J. Gilde, *Lead Counsel*
Tex. Bar No. 24045941
GILDE LAW FIRM
55 Waugh Dr., Suite 800
Houston, Texas 77007
(281) 973-2772
bjg@gildelawfirm.com

**WHY REHEARING IS WARRANTED**

The claims in this case were dismissed pursuant to newly-adopted TEX. R. CIV. P. 91a. Rule 91a did not become effective until March 1, 2013. As would be expected from such a new rule, controlling case law is quite limited, and the issues raised in this appeal are issues of first impression.

**ISSUE FOR REHEARING**

Whether the panel erred in finding Rule 91a constitutional even though it authorizes dismissal and the imposition of fees for asserting an argument grounded on a good faith extension of existing law, in violation of the Texas Constitution's Open Courts guarantee?

**ARGUMENT**

The panel should grant this motion and hold that Rule 91a does not authorize dismissal when a claim is made that is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. However, if the panel does not conclude that the rule should be read in this manner, then it should conclude that Rule 91a violates TEX. CONST., Art. I, § 13, the Open Courts guarantee.

Article I, Section 13 of the Texas Constitution commands: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or

reputation, shall have remedy by due course of law." The Open Courts provision

has been interpreted to include three related, but separate guarantees:

> 1) courts must actually be operating and available; 2) the Legislature
> cannot impede access to the courts through unreasonable financial
> barriers; and 3) meaningful remedies must be afforded, 'so that the
> legislature may not abrogate the right to assert a well-established
> common law cause of action unless the reason for its action outweighs
> the litigants' constitutional right of redress.'

*Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995)

(*quoting Trinity River Authority v. URS Consultants, Inc*., 889 S.W.2d 259, 261

(Tex. 1994)).

The Open Courts provision has a long history in Texas, and has been

understood to provide considerable protection to its citizens. Sa*x v. Vottler*, 648

S.W.2d 661, 664 (Tex. 1983) (noting that "[a]s early as 1932, this Court

recognized that article I, section 13, of the Texas Constitution ensures that Texas

citizens bringing common law causes of action will not unreasonably be denied

access to the courts"). The Texas legislature cannot arbitrarily or unreasonably

interfere with a litigant's right of access to the courts. *Neagle v. Nelson*, 685

S.W.2d 11, 12 (Tex. 1985); *Sax*, 648 S.W.2d at 665. To determine if an

unreasonable financial barrier to access to the courts is posed, the issue is whether

the requirement is unreasonable in light of the state interest involved. *Texas Ass'n*

*of Business v. Texas Air Control Bd*., 852 S.W.2d 440, 449 (Tex 1993).

While it is true that courts are to assume statutes enacted by the legislature

were meant to be constitutional, this does not mean that courts should assume that the government had a valid reason in enacting all laws. The burden is on the supporter of the law's constitutionality to show that the relevant legislative purpose justifies the interference with the right to access the courts. *Sax,* 648 S.W.2d at 666. Rule 91a fails this critical test, however.

Rule 91a(7) requires that, upon dismissal of a cause of action under that rule, "the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court." Critically, a case can be dismissed and fees awarded under Rule 91a even if the plaintiff has a valid argument for the good faith extension, modification, reversal of the law or to make new law. By contrast, Chapter 10 of the Texas Civil Practice and Remedies Code permits a party to assert a claim that its argument, claim or defense "is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or establishment of new law." TEX. CIV. PRAC. & REM. C. §10.001(2). Accordingly, sanctions are improper under Chapter 10 if the plaintiff could show a "non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Similarly, Section 9 of the Texas Civil Practices and Remedies Code only authorizes sanctions when a claim is "not warranted by existing law or a good-faith argument for the extension, modification or reversal of

4

existing law." TEX. CIV. PRAC. & REM. C. §9.001. Tex. R. Civ. P. 13 similarly provides:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion or other paper; that to the best of their knowledge, information and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith, or groundless and brought for the purpose of harassment. . . . "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification or reversal of existing law.

TEX. R. CIV. P. 13. Finally, the same exception exists in the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 11(b)(3) (providing that certification requirement in federal court permits claims to be made that are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law").

In contrast with Chapters 9 and 10, Rule 13, and federal Rule 11, the standard set forth in Rule 91a by the trial court requires an award of fees and dismissal where existing law has not permitted relief even if such a non-frivolous argument for extensions, modifications, reversal of existing law or establishment of new law would be permissible and not remotely sanctionable under any of these other rules or statutes. A party can file a pleading that fully complies with the other sanctions laws and rules, yet still be hit with fees and costs under Rule 91a under the definition of "no basis in law," which was the basis for dismissal in this case. As a result, every pleading and cause of action, no matter how thoroughly

considered or in how much good faith it is filed, will be subject to potentially catastrophic financial penalties. The threat of such sanctions cannot help but have a chilling effect on whether and what claims are brought. As a result, Rule 91a, on its face, and/or as applied here, will inevitably impede access to the courts through unreasonable financial barriers, in violation of Article I, Section 13 of the Texas Constitution.

As a policy matter, this is terrible. A claim challenging an existing law must be dismissed under the rule even if the claim in good faith makes a reasonable argument for why the law is illegal, unconstitutional or should be modified or reversed for any other reason. Imagine what would have happened in the 1940s if civil rights lawyers had been faced with Rule 91a sanctions. It seems very likely that some or all of them would have been deterred from filing cases challenging the then-existing "Separate But Equal" laws. Although Rule 91a(1) provides that the court can indulge reasonable inferences, it is not clear what that means; and it certainly does not solve the barrier to access problem that the rule fundamentally creates by not carving out an exception when parties for arguing for a good faith extension change or modification of existing law.

In sum, the panel should grant this motion for rehearing and hold that Rule 91a does not authorize dismissal when a claim is made that is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

6

existing law or for establishing new law. However, if the panel does not conclude that the rule should be read in this manner, then it should conclude that Rule 91a violates TEX. CONST., Art. I, § 13, the Open Courts guarantee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellants respectfully request that this Court grant Appellants' motion for rehearing. Appellants pray for such other relief to which they have shown themselves justly entitled.

Respectfully Submitted,

_____

Bradford J. Gilde
Tex. Bar No. 24045941
GILDE LAW FIRM
55 Waugh Dr., Suite 800
Houston, Texas 77007
(281) 973-2772
bjg@gildelawfirm.com

ATTORNEY FOR APPELLANTS

## CERTIFICATE OF CONFERENCE

No certificate of conference was necessary pursuant to Tex. R. App. P. 10.1(a)(5).

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of September, 2015, a true and correct copy of the foregoing was forwarded in accordance with the Texas Rules of Appellate Procedure to all counsel of record.

**VIA Electronic Service**

_____

Bradford J. Gilde