**VACATE and DISMISS and Opinion Filed October 21, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00720-CV**
_____

**TEEL STYLES, Appellant**
**V.**
**CVS PHARMACY, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-11163**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

In this pro se appeal, appellant Teel Styles challenges the trial court's order dismissing her claims pursuant to Chapter 74 of the Civil Practice and Remedies Code. We conclude that the trial court lacked jurisdiction and dismiss this lawsuit. Because all issues are settled in law, we file this memorandum opinion. *See* TEX. R. APP. P. 47.2.

## BACKGROUND

We gather these facts from Styles's original petition and the attached medical records.[1] In 2016, Styles's then-eleven-year-old son, A.O., underwent surgery to remove his tonsils and adenoid glands. Over the next three years, A.O. required additional care related to his asthma, sleep apnea, and obesity. In 2018, Styles sought medical treatment for A.O. for complications arising from his surgery. In the course of that treatment, A.O. was prescribed medication that Styles filled at two different CVS pharmacies.

In August 2020, Styles filed the instant lawsuit against CVS, alleging that the pharmacies incorrectly filled the prescriptions, the prescriptions did not work, and A.O.'s pain and suffering continued even after taking the medication. CVS filed a motion to dismiss under the Texas Medical Liability Act on grounds that Styles failed to file an expert report within 120 days after serving citation on CVS. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. The trial court granted the motion, and Styles appealed the dismissal.

On September 27, 2022, we notified the parties that we questioned our jurisdiction over the appeal. We directed Styles to file a letter brief addressing our

---

[1] Styles tendered her pro se opening brief on October 12, 2021. We entered an order informing Styles that her opening brief was deficient for failing to comply with several provisions in the Texas Rules of Appellate Procedure and granted Styles an extension to file an amended brief. Styles's amended brief corrected some, but not all, of the deficiencies. Importantly, the amended brief lacks a statement of the issues, statement of facts supported by the record, argument with citations to authority and to the record. TEX. R. APP. P. 38.1(f)–(i). Due to our determination that we lack jurisdiction, we do address the briefing deficiencies.

concern that her original petition seeks damages for pain and suffering incurred by her minor child but she filed suit in her individual capacity and not as a representative of the minor child. To date, Styles has not complied with the directive.

**DISCUSSION**

We conclude that the trial court lacked subject-matter jurisdiction over the case and, consequently, we lack jurisdiction over this appeal. Therefore, we do not reach the merits, conceived substantive issues raised, or arguments to dismiss based upon briefing deficiencies.

Appellate courts "always have the duty to ensure that subject-matter jurisdiction—their own and that of the lower courts—is secure." *S.C. v. M.B.*, 650 S.W.3d 428, 449 (Tex. 2022). We never presume jurisdiction and must inquire as to our own jurisdiction sua sponte even if the parties do not raise the issue. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.); *Bank of New York Mellon v. Guzman*, 390 S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.). Our jurisdiction over "the merits of a case extends no further than that of the court from which the appeal is taken." *Kerr v. Harris Cnty.*, 177 S.W.3d 290, 295 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (quoting *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 938 (1958)). If the trial court lacks jurisdiction, then the appellate court has jurisdiction only to vacate the judgment of the trial court and dismiss the cause. *Id.* (citing *Dallas County Appraisal*

*Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied)).

In determining whether jurisdiction exists, we look not to the merits of the pleader's claims, but to the allegations in the pleadings. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We accept the factual allegations as true and construe them in the pleader's favor. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, the case must be dismissed, but if the pleadings do not affirmatively demonstrate an incurable defect, the party should be afforded the opportunity to replead. *See Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002).

Standing is a component of subject-matter jurisdiction and a constitutional prerequisite to suit. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). "A trial court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it." *Id.* If a plaintiff lacks standing to assert any of her claims, the trial court must dismiss the action for want of jurisdiction. *Id.*

Texas courts have long recognized that a minor child has a well-defined common law cause of action to sue for injuries negligently inflicted by others. *Morrell v. Finke*, 184 S.W.3d 257, 290 (Tex. App.—Fort Worth 2005, pet. denied) (citing *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983)). A child's cause of action, however, is distinctly separate from the parent's right to recover damages for injuries to her children. *Sax*, 648 S.W.2d at 666.

Here, the pleadings affirmatively demonstrate a lack of jurisdiction. Styles brought suit, naming herself as the plaintiff and alleging CVS incorrectly filled prescriptions and the medications were not effective. She requested that the trial court hold CVS accountable "For Medical Mal-Practice Medication Errors" and claimed damages in the amount of ten million dollars for A.O.'s pain and suffering. Taking Styles's factual allegations as true, the sole claim asserted against CVS belongs to A.O., not to Styles.[2] *See Sax*, 648 S.W.2d at 666 (a claim for pain and suffering resulting from medical negligence belongs to child, not parent).

Based upon the record before us, we conclude Styles, individually, had no standing to bring the medical negligence claim belonging to A.O., and thus the trial court lacked subject-matter jurisdiction over the claim. We further conclude that this defect is incurable. The problem here is not the absence or ambiguity of jurisdictional facts; rather, the defect involves an improper party or failure to plead a claim by a proper party. In order to "cure" the defect in this case, Styles would have to either add claims of her own to the petition or add A.O. as a party. This is not a pleading defect. *See Ramirez*, 74 S.W.3d at 867 (dismissing case without

---

[2] We note that the petition lists four doctors and three hospitals as additional defendants, but they were never served with a citation. With respect to these additional defendants, Styles sought a permanent injunction removing them from A.O.'s "care and treatment plan" and prohibiting them from altering A.O.'s medical records or disclosing them to third parties. When the trial court entered its dismissal order, Styles's injunctive-relief claims were discontinued. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004) (citing *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962)). Therefore, the only question before us is whether Styles had standing to bring her sole claim against CVS, and we do not opine about Styles's standing to seek injunctive relief against the unserved defendants. *See Heckman*, 369 S.W.3d at 150 (explaining that standing is determined on a claim-by-claim basis).

opportunity to cure and concluding "this is not a pleading-defect case" where the pleadings and evidence affirmatively showed that the plaintiff's complaints were barred by sovereign immunity).

## CONCLUSION

We vacate the trial court's judgment and dismiss this case for want of jurisdiction.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210720F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEEL STYLES, Appellant

No. 05-21-00720-CV      V.

CVS PHARMACY, Appellee

On Appeal from the 68th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-11163. Opinion delivered by Justice Goldstein. Justices Myers and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **VACATED** and the cause is **DISMISSED** for want of jurisdiction.

Judgment entered October 21, 2022.