COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE: | | No. 08-24-00152-CV |
| | § | |
| TROPICANA PALMS, LTD., | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

## DISSENTING MEMORANDUM OPINION

By statute, a defendant may not designate a person as a responsible third party after the statute of limitations has run on the claimant's cause of action "if the defendant has failed to comply with its obligations, if any, to timely disclose that [] person" as a responsible third party. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d). This protects the plaintiff from having to defend the conduct of non-party tortfeasors that the plaintiff never had notice of and opportunity to timely join. *In re CVR Energy, Inc.*, 500 S.W.3d 67, 73 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (op. on reh'g) ("These timing limitations are part of a 'statutory balance' created by the Legislature that seeks to address a defendant's interest in identifying nonparties who may have some culpability while recognizing that a plaintiff has time limitations on pursuing its claims against parties not already included in its suit.").

But a defendant has no obligation to name a co-defendant as a responsible third party, because the plaintiff is already asserting that co-defendant caused the injury. *In re CVR Energy,*

1

*Inc.*, 500 S.W.3d at 78 (so stating when co-defendant is nonsuited after limitations has run; holding trial court abused its discretion in denying remaining defendant the right to name nonsuited defendant as a responsible third party). Nor would the defendant have an obligation to name a "claimant" as a responsible third party; a claimant by statute already deserves a blank on the proportionate liability question. Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a) ("The trier of fact . . . shall determine the percentage of responsibility . . . for . . . (1) each claimant; (2) each defendant; (3) each settling person; and (4) each responsible third party . . . ").

The issue in this mandamus is whether Yvette Gaytan was a claimant in her own right up until the time that limitations ran on her daughter's claim. If so, the only deadline to name her as a responsible third party is controlled by the date of the trial setting. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a) ("The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date."). In my view she was a party claimant until after limitations ran, and the trial court abused its discretion in not allowing her designation, which was made well before the 60-day deadline based on the trial date. Because the majority concludes otherwise, I respectfully dissent.

The only real legal question here is whether Gaytan was a party seeking relief (which thus defines her as a "claimant") up until June 5, 2023, when a Notice of Removal of Next Friend was filed (because her daughter had then reached the age of majority). Before that date, the case was progressing under Plaintiffs First Amended Petition. That petition has a "Parties" section that identifies Gaytan as a party. It separately lists her daughter as a party.

Paragraph 57 of the petition addresses damages, and seeks these elements of damages:

57. Defendant's actions and omissions proximately caused Ms. Gaytan as next friend of Child Garcia's, personal injury damages, including pain and suffering, bodily injury, impairment, disfigurement, *past and future lost earnings, loss of*

2

*earning capacity*, emotional trauma/ mental anguish and inconvenience (emphasis added).

The Prayer for relief then asks:

> *Plaintiffs* pray that *they* recover from Defendant, actual damages over $200,000.00 but not more than $10,000,000.00, including but not limited to, *past and future lost earnings*, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, reinstatement, prejudgment interest, post judgment interest, costs and such other and further relief to which *they* may show *themselves* to be justly entitled, in law and in equity. The damages sought are within the jurisdictional limits of the court (emphasis added).

I italicized the damage elements because they could *only* be recovered by Gaytan as the parent of the minor child. Her daughter would have no claim for those specific elements of damage while she was an unemancipated minor. No doubt, minors have a common law cause of action to sue those who negligently inflict injuries on them. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983). And the child's claim is distinct from the parents' right to recover damages for injuries to their child. *Id*. But the claim for loss of earnings of an unemancipated minor belongs to the child's parents:

> For example, a child is entitled to recover loss of earning capacity, commencing upon the date of attaining majority or removal of disabilities. However, since the services and earnings of an unemancipated minor belong to his parents, an infant may not recover for diminution of his earning capacity during the period intervening between the injury and his attainment of majority.

*Sax*, 648 S.W.2d at 666; *see also Sarabia v. McNair*, No. 2-09-160-CV, 2010 WL 1427019, at *3 (Tex. App.—Fort Worth Apr. 8, 2010, no pet.) (mem. op.); *Kennedy v. Kennedy*, 505 S.W.2d 393, 397 (Tex. App.—Austin 1974, no writ); *Tyrrell Hardware Co. v. Orgeron*, 289 S.W. 1040, 1041 (Tex. App.—Beaumont 1926, writ ref'd).

I could agree that the petition has a level of imprecision. It uses the plural "plaintiffs" ten times in the body of the pleading, but three times uses "plaintiff" in the singular. Many pleadings

of this sort explicitly state that the parent is suing "individually and as next friend." But neither our rules nor the case law has ever mandated the inclusion of the word "Individually" alongside the words "Next Friend" to define the parent as a separate claimant.

This issue is before us as a mandamus, and we do not reverse a trial court unless there is a clear abuse of discretion. A trial court abuses its discretion by failing to act with reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). Which begs the question: what rules and principles govern how a trial court should decipher a pleading to decide who is, and who is not a party plaintiff? The closest analog I find to that question is how we construe whether a plaintiff has pleaded a cause of action. In that context, when special exceptions are not filed, a court should construe the petition liberally in favor of the pleader. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982). A pleading should contain "a short statement of the cause of action sufficient to give fair notice of the claim involved . . . ." Tex. R. Civ. P. 47(a). "We will uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *The Huff Energy Fund, LP v. Longview Energy Co.*, 482 S.W.3d 184, 195 (Tex. App.— San Antonio 2015), *aff'd sub nom. Longview Energy Co. v. Huff Energy Fund LP*, 533 S.W.3d 866 (Tex. 2017). "In determining whether a pleading is adequate, we examine whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy." *Id.*, (citing *Bowen v. Robinson*, 227 S.W.3d 86, 91 (Tex. App.— Houston [1st Dist.] 2006, pet. denied)).

Applying these rules, an attorney of reasonable competence would be put on notice that Gaytan was seeking her own recovery based on: (1) the pleading's inclusion of Gaytan and her daughter as two specifically named party plaintiffs; (2) the multiple references to "plaintiffs" in

4

the plural throughout the pleading; (3) the request for a damage element that only Gaytan could recover; and (4) the Prayer that uses the pronoun "they" in seeking recovery. Consequently, I can only conclude that Gaytan was a party plaintiff and claimant, up until the time she was dropped from the suit (and at a time after limitations had run on a claim against her). For these reasons, I respectfully dissent.

JEFF ALLEY, Chief Justice

November 7, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Alley, C.J., dissenting